■ DONALD F. GRANT, Respondent, v GUTCHESS TIMBERLANDS, INC. et al., Defendants and Third-Party Plaintiffs-Respondents. TARGET STRUCTURAL STEEL COMPANY, INC., Third-Party Defendant-Appellant. [625 NYS2d 716] —White, J. Appeal from that part of an order of the Supreme Court (Ingraham, J.), entered April 21, 1994 in Chenango County, which granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and granted defendants' cross motion for summary judgment against third-party defendant on the issue of indemnification.

In early 1989, third-party defendant, Target Structural Steel Company, Inc. (hereinafter Target), was engaged in the construction of a warehouse facility on lands owned by defendant Gutchess Timberlands, Inc. (hereinafter Gutchess) located in the Town of Cortlandville, Cortland County. On January 23, 1989 plaintiff, an employee of Target, and two co-workers were moving insulation panels from the ground to the roof of the building. After some insulation panels had been unloaded from a scissor lift onto the roof, plaintiff, who was on the roof, attempted to move them away from the edge. In doing so, he stepped onto the one or two-foot wide space between the insulation and the edge of the roof, which plaintiff claims was icy. He then bent over and started to push the insulation up the roof. As he did so, his feet slipped out behind him, causing him to fall off the roof. As he was falling, his face apparently struck the roof, resulting in serious facial injuries.

Thereafter, plaintiff commenced this personal injury action asserting, *inter alia,* a cause of action predicated upon Labor Law § 240 (1). Gutchess then initiated a third-party action against Target for contribution or indemnification. Following the completion of discovery, plaintiff moved for partial sum-

mary judgment on his Labor Law § 240 (1) cause of action and Gutchess cross-moved for partial summary judgment against Target on the indemnification issue. Supreme Court granted both motions, giving rise to this appeal by Target.*

Labor Law § 240 (1), which is liberally construed, imposes absolute liability on owners, contractors and their agents for injuries sustained by workers that were proximately caused by the failure to provide proper safety devices to protect workers from elevation-related hazards (see, Rocovich v Consolidated Edison Co., 78 NY2d 509). Target argues that this statute is inapplicable here because plaintiff's injuries were not incurred as the result of a fall from an elevated height and, thus, were not proximately caused by the failure to provide safety devices. Instead, it maintains that plaintiff sustained his injuries when he fell on the roof and his face hit the roof. Had plaintiff not fallen from the roof after receiving his injuries, Target contends that there would be no Labor Law § 240 (1) issue in this case.

We disagree, as there is no evidence supporting Target's position that plaintiff's fall on the roof and his fall off the roof were discrete events. Significantly, plaintiff's doctor opined that plaintiff's serious facial injuries would not have been caused by his merely falling on the roof but rather were caused by the force of his entire body falling off the roof with his face taking the full weight of the body when it struck the roof. Accordingly, since the record reveals that no safety devices were provided to plaintiff, we find that Target breached its nondelegable duty imposed by Labor Law § 240 (1) and that the breach of that duty was the proximate cause of plaintiff's injuries. Hence, this case falls within the ambit of section 240 (1) (see, Adams v Cimato Bros., 207 AD2d 997; Krukowski v Steffensen, 194 AD2d 179, 185).

Although plaintiff disregarded his foreman's warning to stay away from the edge of the roof, his contributory negligence does not bar recovery under Labor Law § 240 (1) (see, Sulem v B.T.R. E. Greenbush, 187 AD2d 816, 818). We further note that Target's reliance on the "recalcitrant worker" defense is unavailing as there is no proof that plaintiff deliberately refused to utilize available safety devices (see, Hagins v State of New York, 81 NY2d 921, 923). Also, evidence that plaintiff

---

* Supreme Court also dismissed plaintiff's action against Gutchess Lumber, Inc. on the ground it was not an owner of the property where the accident occurred. There is no appeal from this aspect of Supreme Court's order.

did not abide by his foreman's instructions does not support a "recalcitrant worker" defense *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 563). Lastly, Target's argument, that none of the safety devices enumerated in Labor Law § 240 (1) would have prevented plaintiff's fall, has been rejected by the Court of Appeals *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 523-524).

Turning to Gutchess' cross motion, the grant of common-law indemnification is appropriate where the defendant's role in causing the plaintiff's injury is strictly passive and, consequently, its liability purely vicarious *(see, Tambasco v Norton Co.,* 207 AD2d 618). Target contends that Gutchess is not entitled to be indemnified because its role was not passive, since its architect retained the authority to control Target's workers and direct compliance with safety standards.

There is no written contract defining the parties' responsibilities. However, Gutchess' architect testified that he only visited the job site periodically and that he did not undertake any supervision or control of Target's employees, nor did he provide safety equipment for them. He further stated that, beyond making sure the workers wore hard hats, he did not supervise or control any of the workers with respect to any safety features on the job. His testimony was corroborated by Target's supervisor, who stated that he never had any discussions with the architect regarding safety and, as far as he understood, it was Target's responsibility to provide safety equipment for its employees.

In our view, the periodic inspection of the worksite by the architect does not constitute the level of supervision or control necessary to defeat Gutchess' claim for common-law indemnification *(see, Loper v City of Rochester,* 209 AD2d 1052; *Aragon v 233 W. 21st St.,* 201 AD2d 353; *Curtis v 37th St. Assocs.,* 198 AD2d 62; *compare, Nichols v Deer Run Investors,* 204 AD2d 929, 932). Therefore, Supreme Court properly granted its cross motion.

For these reasons, we affirm.

Mikoll, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with one bill of costs.