■ ROLAND E. HICKEY et al., Appellants, v C. D. PERRY & SONS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. PREPAKT CONCRETE COMPANY, Third-Party Defendant-Respondent. [636 NYS2d 153] —Mikoll, J. Appeal from that part of an order of the Supreme Court (Demarest, J.), entered February 9, 1995, which denied plaintiffs' motion for partial summary judgment on the issue of liability.

Plaintiff Roland E. Hickey (hereinafter plaintiff) was employed by third-party defendant, Prepakt Concrete Company, as a labor supervisor. Prepakt served as subcontractor on the Kent Falls Dam project which was owned by defendant New York State Electric and Gas Corporation (hereinafter NY-SEG). Defendant C. D. Perry & Sons, Inc. (hereinafter Perry) served as general contractor on the dam construction project. Plaintiff fell down a five-foot-deep sluiceway when he attempted to cross the sluiceway on a plank 8 to 10 inches wide and 2 inches thick, thrown over either side and spanning the dam's sluiceway. The plank broke under plaintiff's considerable weight, some 370 pounds. Plaintiff and his wife sued NY-SEG, as owner, and Perry, as contractor, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6), and seeking $1,500,000 in damages. Defendants instituted a third-party action against Prepakt seeking contribution and indemnification in the event plaintiffs secured a judgment against them. Plaintiffs moved for partial summary judgment on the issue of liability on the ground that defendants were strictly liable under Labor Law § 240 (1). Defendants cross-moved for partial summary judgment dismissing the Labor Law § 240 (1) cause of action on the ground that plaintiff was a "recalcitrant worker" for purposes of Labor Law § 240 (1) and not entitled to the protection of the statute.

Supreme Court denied both motions, finding questions of fact requiring resolution by trial on the questions of whether defendants provided appropriate safety devices for entry into and exit from the sluice and whether plaintiff chose not to use such devices. This appeal by plaintiffs ensued.

Plaintiffs urge that Supreme Court erred in denying their motion for summary judgment on the Labor Law § 240 (1) cause of action in that it is uncontested that plaintiffs, fell from an elevated height and that defendants' submissions failed to either establish that defendants supplied him with adequate safety devices or that plaintiff refused to follow instructions on use of the devices.

We disagree. While Labor Law § 240 (1) imposes a "nondelegable" duty upon owners and contractors to provide safe work places and that a breach of that duty may result in liability notwithstanding the absence of actual supervision or control over the work (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500), the rule does not apply where a worker refuses to use available safety devices (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555). It was submitted by defendants that the worksite contained safety devices, that is, ladders on either side of the sluiceway to permit passage from one end of the dam to the other. Thus, a factual question is presented as to whether these were adequate safety devices, which cannot be resolved by way of summary judgment.

Plaintiffs urge that it is uncontroverted that a wooden plank was placed across the sluiceway for workers to travel from opposite ends of the dam and that it was inadequate, breaking in two and causing plaintiff to fall and sustain injuries. Defendants' submissions indicate that it is unclear why the plank was placed there and that defendants ordered the plank removed more than once. Under the circumstances, Supreme Court properly denied plaintiffs' motion for partial summary judgment. Defendants have sufficiently established that they had previously removed the plank to stop its usage by employees in moving over the sluiceway. The issue of whether plaintiff was a "recalcitrant worker" requires resolution in a trial forum.

Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.