■ ARTHUR VONA et al., Appellants, v ST. PETER's HOSPITAL OF THE CITY OF ALBANY, Defendant and Third-Party Plaintiff-Respondent. ATLANTIC INDUSTRIAL, INC. et al., Third-Party Defendants-Respondents. [636 NYS2d 218] —Crew III, J. Appeal from an order of the Supreme Court (Keegan, J.), entered September 29, 1994 in Albany County, which, *inter alia*, denied plaintiffs' motion for partial summary judgment on the issue of Labor Law § 240 liability.

At all times relevant to this appeal, plaintiff Arthur Vona (hereinafter Vona) was employed by third-party defendant Atlantic Industrial, Inc., a company that had been retained by defendant to perform certain asbestos abatement work. On

July 25, 1988, Vona was directed by Atlantic's foreman, Kenneth Miller, Jr., to cover the armature of a door at defendant's premises. Although Miller testified at his examination before trial that he specifically directed Vona to obtain a ladder to perform such work, Vona instead stacked two five-gallon pails on top of one another and stood on them in order to reach the top of the door. While attempting to seal the door, one of the pails tipped, causing Vona to fall and injure his knee.

Vona and his spouse thereafter commenced this action alleging violations of Labor Law §§ 200 and 240 (1) and § 241 (6), and defendant commenced a third-party action against Atlantic and third-party defendants Hall-Kimbrell Environmental Services, Inc. and Professional Service Industries, Inc., Hall-Kimbrell Division. Following joinder of issue and discovery, plaintiff moved for partial summary judgment with respect to the Labor Law § 240 (1) cause of action, and defendant cross-moved for similar relief against plaintiffs and third-party defendants. Supreme Court denied the respective motions, finding that a question of fact existed as to whether Vona was a recalcitrant worker, and this appeal by plaintiffs followed.

As the record presently before us fails to establish, as a matter of law, that Vona was not provided with the requisite safety devices and, hence, that there has indeed been a violation of Labor Law § 240 (1), plaintiffs' motion for summary judgment with respect to that cause of action was properly denied. It is well settled that Labor Law § 240 (1) imposes absolute liability upon owners, contractors and their agents for injuries suffered by workers that were proximately caused by the failure to provide or erect those safety devices necessary to protect the workers from elevation-related risks and hazards (*see, Grant v Gutchess Timberlands*, 214 AD2d 909, 910; *Singh v Barrett*, 192 AD2d 378, 379), and the mere presence of safety devices "somewhere" at a worksite neither discharges a defendant's duty nor diminishes a defendant's liability under the statute (*see, Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 526 [Simons, J., concurring]; *Neville v Deters*, 175 AD2d 597).

In this regard, Miller candidly testified that although he instructed Vona to obtain a ladder to perform the assigned task, he did not direct Vona to a specific ladder as he was not sure precisely where one could be located. Miller also testified, however, that immediately following Vona's accident, he observed an operable step ladder within 10 feet of, and plainly visible from, the spot where Vona fell. Although Vona claimed not to have seen this or any other ladder, we believe that the record evidence, viewed in the light most favorable to the par-

ties opposing plaintiffs' motion, is sufficient to raise questions of fact regarding whether there was a violation of Labor Law § 240 (1) in the first instance and, hence, whether Vona refused to use an available safety device (*see generally*, *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 563).

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.