CARL P. DEYO et al., Plaintiffs, v COUNTY OF BROOME et al., Defendants and Third-Party Plaintiffs-Respondents. PETER TROZZE, Doing Business as TROZZE AND COMPANY, Third-Party Defendant-Appellant. (And a Fourth-Party Action.) [638 NYS2d 802] —Cardona, P. J.

Third-party defendant, Peter Trozze, contracted with defendant Broome Community College (hereinafter Broome) to provide architectural services for a construction project on Broome's premises. Fourth-party defendant, A.J. Cerasaro, Inc. (hereinafter Cerasaro), was retained as the general contractor. Plaintiff Carl P. Deyo (hereinafter plaintiff), an employee of Cerasaro, was injured while working at the jobsite. Plaintiff and his wife sued Broome,[1] which, in turn, commenced a third-party action against Trozze. Trozze commenced the fourth-party action against Cerasaro. Following discovery, Trozze moved for summary judgment dismissing the third-party complaint. The motion was denied prompting this appeal.[2]

We affirm. In our view, the evidence adduced on the motion failed to establish Trozze's freedom from liability as a matter of law. The third-party complaint sought both common-law indemnification and/or contribution as well as contractual indemnification. Addressing first the cause of action based on common-law indemnification, it is appropriate when a defendant's role in causing a plaintiff's injury "is strictly passive and, consequently, its liability purely vicarious" (*Grant v Gutchess Timberlands*, 214 AD2d 909, 911; see, *Tambasco v Norton Co.*, 207 AD2d 618, *lv dismissed* 85 NY2d 857). Normally, this type of indemnification is sought by the owner of property against the contractor who employed the injured plaintiff (*see, e.g., supra*). The owner contends that its role was

1. The suit also named Broome County and Broome Community College Foundation, Inc. as defendants. The action was apparently discontinued against the latter defendant. For the sake of simplicity, references to Broome will include Broome County unless otherwise indicated.

2. Trozze also moved for, *inter alia,* reargument. The motion was denied. Although Trozze has also appealed that denial, a motion to reargue is unappealable (*see, Burton v Coonrod,* 170 AD2d 882). While the order also dealt with other matters, Trozze is only arguing that aspect of the order dealing with the request to reargue. The appeal from that order must, therefore, be dismissed.

passive and that it did not retain the authority to control the contractor's workers. In response, the contractor generally claims that the owner, through its architect or engineer, undertook supervision or control over its workers, thus obviating the owner's claim that its role in the work was strictly passive.

Here, the situation is somewhat different. Broome, as the owner, is not seeking indemnification from the general contractor (Cerasaro) but rather from its own architect (Trozze). While this is not the usual position taken by an owner, we are of the view that the same general principles of law apply and that Broome has raised a question of fact sufficient to defeat Trozze's motion.

An owner has been found to be entitled to indemnification from a contractor if the owner shows that its architect did not retain sufficient authority to control the contractor's workers (*see, e.g., Grant v Gutchess Timberlands, supra; Loper v City of Rochester*, 209 AD2d 1052). Here, again while somewhat procedurally different because Broome, as the owner, is seeking indemnification from Trozze, its architect, in order for Trozze to prevail he was required to show, as a matter of law, that he lacked control of the work being performed. We agree with Supreme Court that Trozze failed to make such a showing. While he claimed that his on-site representative, Randall Herko, exercised no supervisory control over the operation, Broome's evidence was to the contrary. Herko was present at the worksite on a full-time basis. He prepared field reports on a daily basis in which he not only reported on the progress of the work but also addressed work done in contravention to Trozze's specifications. The field reports commented on such matters as the contractor's failure to maintain site security as well as issues of worker safety. They noted unsafe construction practices and revealed that safety issues were addressed at the regular site meetings. There was also testimony that directives addressing safety issues and improper work practices came from both Trozze headquarters and from Herko. In addition, Trozze's memos of the regular offsite meetings raised and addressed safety issues and improper work practices. Although Trozze maintained that Herko's authority was limited and that he could not issue stop-work orders or any directives regarding the contractor's work, Broome's evidence raised a question of fact in this regard. For example, on the date of plaintiff's accident, a stop-work order was issued by Herko after informing Trozze that certain "repairs [had] not been approved".

In his deposition testimony, Herko admitted that these activities were undertaken by Trozze to bring improper or unsafe work practices to Broome's attention. Another worker for Cerasaro testified that the workers heeded the directives issued by Trozze and viewed Herko as the project's on-site safety officer. Herko's absence from the worksite at the time of the accident is not determinative of the issue of control (*see, Hall v Miller & Assocs.*, 167 AD2d 688). Thus, in our view, a question of fact was raised concerning whether Trozze "did exercise control and/or directed the work being performed by plaintiff during which time he was injured" (*Hall v Miller & Assocs.*, *supra*, at 690-691; *cf., Grant v Gutchess Timberlands, supra*; *Davis v Lenox School*, 151 AD2d 230; *Fox v Jenny Eng'g Corp.*, 122 AD2d 532, *affd* 70 NY2d 761). Further, even assuming control, there must be proof that a negligent act or omission by Trozze contributed to plaintiff's injury. We are of the view that questions of fact remain concerning the nature of the accident and the appropriateness of the safety measures used. Thus, the question of proximate cause has not been established so as to entitle Trozze to a determination on this issue.

We turn next to Broome's cause of action based on contractual indemnification. As Supreme Court noted, Trozze had a contractual duty to indemnify Broome. Trozze was liable for any damages "arising directly or indirectly out of, errors and/or omissions and/or negligent acts by [Trozze]". Nevertheless, Broome was still required to show that there was a question of fact as to whether there was a causal connection between plaintiff's injury and some act or omission of Trozze. We agree with Supreme Court that Broome presented evidence that Trozze had assumed a duty to supervise safety but did not supervise Cerasaro's activities during the overtime work and that this raised a question of fact as to whether Trozze's absence contributed to the injuries (*see, Edwards v International Bus. Machs. Corp.*, 174 AD2d 863; *see also, Cichon v Brista Estates Assocs.*, 193 AD2d 926). Trozze's remaining arguments have been considered and rejected as unpersuasive.

Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order entered May 9, 1995 is affirmed, with costs. Ordered that the appeal from order entered June 1, 1995 is dismissed.