(March 10, 1997)

■ DANIEL C. TENNANT, Appellant, v GARY CURCIO et al., Respondents. [655 NYS2d 118] —Mercure, J. P. Appeal from an order of the Supreme Court (Caruso, J.), entered April 10, 1996 in Schenectady County, which denied plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

The sole issue for our consideration is whether there exists a genuine question of fact on the issue of plaintiff's status as a "recalcitrant worker" so as to bar a grant of partial summary judgment in his favor. We respond in the negative and accordingly reverse Supreme Court's order denying plaintiff's motion for partial summary judgment on the issue of defendants' liability pursuant to Labor Law § 240 (1).

The relevant evidence adduced on the motion follows. Plaintiff and Philip Hazelton were employed by Bradley Construction Company. On May 10, 1994, Hazelton was assigned to do roofing work on a building at defendants' premises. Plaintiff, a laborer, was sent along to assist Hazelton. To gain access to the roof of the building, Hazelton placed a 28-foot to 30-foot aluminum extension ladder against the edge of the roof at the rear of the building. Because of the windy conditions that prevailed on that day, Bradley's principal instructed several workers, including Hazelton and plaintiff, to secure their ladders to the building, and it appears that rope was available for that purpose in the vehicle that Hazelton drove to the worksite, although we have no indication of the location of the truck relative to the building where plaintiff and Hazelton were working. In addition, the record establishes that employees of defendant Bonded Roofing Supply, Inc. approached Hazelton about their concern that the ladder should be secured to the building. One of them went so far as to offer to fabricate a securing bracket (in Bonded Roofing Supply's on-site metal shop) that could be fastened to the building with bolts. Nonetheless, Hazelton made a determination that the ladder did not need to be secured, and he and plaintiff utilized it in the absence of any device to keep it from sliding to the side. In the course of attempting to descend from the roof to retrieve roofing materials, plaintiff stepped onto the ladder, which tipped to the side, propelling him to the ground.

Although Labor Law § 240 (1) imposes absolute liability on employers who fail to provide their employees with proper safety devices (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555), "the statutory protection does not extend to workers who have adequate and safe equipment available to them but refuse to use it" (*Smith v Hooker Chems. & Plastics Corp.*, 89 AD2d 361, 366, *appeal dismissed* 58 NY2d 824). The so-called "recalcitrant worker" defense requires a showing that the injured worker refused to use the safety devices that were provided by the owner or employer (*see, Gordon v Eastern Ry. Supply, supra*, at 563; *Stolt v General Foods Corp.*, 81 NY2d 918, 920). In addition, the defense is not established by a mere showing that the worker failed to comply with an instruction by an owner or employer to avoid using unsafe equipment or engaging in unsafe practices (*see, supra; Hagins v State of New York*, 81 NY2d 921, 922-923; *Grant v Gutchess Timberlands*, 214 AD2d 909, 910) and " 'the mere presence of safety devices at the worksite does not diminish [a] defendant's liability' " (*Hall v Cornell Univ.*, 205 AD2d 872, 874, quoting *Neville v Deters*, 175 AD2d 597).

This case presents a sharp contrast to the facts underlying *Jastrzebski v North Shore School Dist.* (223 AD2d 677, *affd* 88 NY2d 946), where the plaintiff's supervisor specifically directed him to get down from a ladder and to utilize a scaffold that "had been constructed, placed, and operated by the defendants at the site at the time of the accident" (*supra*, at 680). Here, as in *Gordon v Eastern Ry. Supply (supra)*, we have nothing more than a supervisor's passive instruction not to use a ladder without an adequate securing device. In addition, to the extent that Hazelton assumed the role (if not the title) of plaintiff's worksite supervisor, it is clear from the record that plaintiff had no reasonable alternative but to acquiesce in the judgment exercised by the person with immediate control over his work. Although the principal of plaintiff's employer was unwilling to characterize Hazelton as a "foreman", he acknowledged that, as the mechanic, Hazelton was the one who oversaw the work and saw that the application was correct, whereas plaintiff, as the laborer, was there to assist the mechanic in completing the work that needed to be done. In his deposition, Hazelton testified that he was "the experienced mechanic" and that plaintiff was "just there to assist [him]". It is undisputed that Hazelton made a determination that no securing device was to be used.

Applying the foregoing legal principles to facts presented on plaintiff's summary judgment motion, we conclude, first, that the employer's general instruction that the workers not utilize

the ladder without first securing it to the building is insufficient to create a factual issue. Second, the fact that a rope was available somewhere on the worksite does not assist defendants, particularly in the absence of evidence as to its location on the property. Third, the owner's offer to fashion a securing bracket was not the equivalent of supplying an appropriate safety device. Notably, there is no indication as to how long it would have taken to fabricate the bracket. Fourth, it is clear that plaintiff was operating under the direction and control of Hazelton and was effectively forestalled by Hazelton's decision that there was no need to secure the ladder to the building. Simply stated, plaintiff had no choice in the matter and, as such, cannot be found to have "refused" anything. As a final matter, under the circumstances present here, we are not persuaded by the dissent's reliance upon *Hickey v Perry & Sons* (223 AD2d 799) or *Vona v St. Peter's Hosp.* (223 AD2d 903) for a contrary result.

Casey and Peters, JJ., concur.

Carpinello, J. (dissenting). The issue at bar is whether a question of fact has been presented in a Labor Law § 240 (1) case where there is uncontroverted evidence of an employee's failure to comply with a direct instruction by his employer to use a safety device and the safety device is available at the worksite. The majority acknowledges that plaintiff was instructed by his employer to secure the ladder to the building because of the windy conditions prevalent on the day of the accident, and further that a rope which could have been used for this purpose was available in a truck at the worksite.*

While it is true that the mere availability of safety devices is insufficient to create a factual issue as to the viability of the "recalcitrant worker" defense (*see, Hall v Cornell Univ.*, 205 AD2d 872, 874), this Court noted in *Hall v Cornell Univ.* (*supra*, at 873) that there had been no showing that the plaintiff had been *instructed* to use the available safety device. It is also true that a mere failure to abide by an employer's instructions regarding safety will not support a recalcitrant worker defense as a matter of law (*see, Grant v Gutchess Timberlands*, 214 AD2d 909).

We are compelled, however, to disagree with the majority because there is evidence in this case of both a direct instruction to use a safety device and the availability of the device at the worksite. In *Hickey v Perry & Sons* (223 AD2d 799), the

---

* Specifically, the record reflects that plaintiff was instructed "to make sure, if nothing else * * * that [the] ladder was secure[d]".

plaintiff claimed a Labor Law § 240 (1) violation when a plank he was using to cross a five-foot-deep sluiceway broke, causing him to fall. In affirming a denial of the plaintiff's motion for partial summary judgment on the issue of liability, this Court found that the issue of whether the plaintiff was a recalcitrant worker required resolution at trial (see, supra, at 800). The record in that case indicated that ladders existed on either side of the sluiceway to permit safe passage and that the employer had ordered the offending plank removed on more than one occasion (see, supra, at 800).

Similarly, in *Vona v St. Peter's Hosp.* (223 AD2d 903), this Court again affirmed a denial of the plaintiff's motion for partial summary judgment on the issue of Labor Law § 240 (1) liability. There, the plaintiff disregarded his employer's instructions to use a ladder and instead stacked two five-gallon pails on top of one another and stood on them to perform his job, resulting in a fall (see, supra, at 904). Although this Court noted that "the mere presence of safety devices 'somewhere' at a worksite neither discharges a defendant's duty nor diminishes a defendant's liability under the statute" (supra, at 904), it went on to note that the plaintiff had been instructed to use a ladder and, although the employer's representative "did not direct [him] to a specific ladder as he was not sure precisely where one could be located" (supra, at 904), the representative observed a ladder immediately after the accident within 10 feet of where the plaintiff fell. Viewing the evidence in the light most favorable to the party opposing summary judgment, this Court found that a question of fact existed as to whether the plaintiff was a recalcitrant worker (see, supra, at 904).

We simply cannot reconcile the majority's decision in the instant case with this Court's prior holdings in *Hickey v Perry & Sons* (supra) and *Vona v St. Peter's Hosp.* (supra). To reverse Supreme Court in the instant case, in our opinion, would require the following reading of *Hickey* and *Vona* by this Court: a question of fact will arise with respect to the recalcitrant worker defense only where an employee disregards an instruction and the required safety device is *visible* (as opposed to available) at a worksite. Since there is no absolute duty of employee supervision under Labor Law § 240 to insure the use of safety devices (see, *Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, *appeal dismissed* 58 NY2d 824), and since the protection of that statute "does not extend to workers who have adequate and safe equipment *available* to them but refuse to use it" (supra, at 366 [emphasis supplied]), we decline to construe "available" as "visible" and respectfully vote to affirm.

Crew III, J., concurs. Ordered that the order is reversed, on the law, with costs, motion granted and plaintiff is awarded partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).