■ Peter Kura et al., Respondents, v Teachers Insurance and Annuity Association of America, Appellant. [661 NYS2d 835] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Golden, J.), dated July 3, 1996, which granted the plaintiffs' motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff Peter Kura was injured when a scaffolding upon which he was working tipped and fell over, causing him and a co-worker to fall to the ground. The plaintiffs commenced this action to recover damages for personal injuries in the Supreme Court, Kings County, while the co-worker commenced a similar action in the Supreme Court, Richmond County, against, *inter alia,* the same defendant, Teachers Insurance and Annuity Association of America (hereinafter Teachers Insurance).

The plaintiffs here moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Before the motion was decided, the Supreme Court, Richmond County, issued an order consolidating the two actions and directing that venue of the plaintiffs' action be transferred to Richmond County. However, Teachers Insurance did not file a certified copy of the Richmond County order with the Clerk of Kings County (*see,* CPLR 326 [b]). Accordingly, the court did not err in deciding the plaintiffs' motion for summary judgment. Nor

did the court err in granting the plaintiffs' motion for partial summary judgment on the issue of liability (*see, Robinson v NAB Constr. Corp.,* 210 AD2d 86; *see also, Tennant v Curcio,* 237 AD2d 733). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.