■ MICHAEL HARRINGTON et al., Appellants, v STATE OF NEW YORK, Respondent. [681 NYS2d 122] —Carpinello, J. Appeal from an order of the Court of Claims (King, J.), entered September 17, 1997, which, *inter alia*, denied claimants' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Claimant Michael Harrington (hereinafter claimant), an employee of Bellos Construction, Inc., was injured as the result of a fall from a State-owned bridge in the City of Albany. The State had contracted with P.S. Bruckel, Inc. to refurbish the bridge which, in turn, contracted with Bellos to prepare it for painting by means of, *inter alia*, sandblasting the surface. Debris from the sandblasting was collected in canvas "containment tarps" which hung underneath the bridge decks. Collector tubes were located at the center of each tarp to funnel the debris into containers. At the time of the accident, claimant had just completed the task of repositioning a part of the debris containment system when he started to slide down the tarp in order to jump from the bottom. However, the tarp split and claimant fell a distance of approximately 10 to 15 feet to the ground.

Thereafter, claimant and his wife, derivatively, commenced this action against the State alleging various causes of action in negligence, Labor Law and regulatory violations. Following joinder of issue and discovery, claimants moved for partial summary judgment on the issue of the State's liability pursuant to Labor Law § 240 (1). The State opposed the motion and by cross motion sought, *inter alia*, dismissal of the Labor Law § 240 (1) cause of action. The Court of Claims denied both motions, concluding that there were numerous questions of fact

which required resolution at trial. This appeal by claimants followed.

We affirm. In our view, the Court of Claims correctly denied claimants' motion for partial summary judgment as to the Labor Law § 240 (1) claim. According to claimants, the tarp upon which claimant was working constituted a form of safety device which was intended to protect against elevated risks and the fact that the tarp gave way was prima facie proof that the State failed to provide adequate protection pursuant to Labor Law § 240 (1). Claimants further urge that the State should have placed a safety net underneath the tarp which would have provided additional protection under the statute. Claimants also allege that ladders would normally be affixed to the bridge for workers' use when they had to enter the tarp to shovel debris or move the tubing and that no such ladders were in place at the time of the accident. Claimants presented evidence that it was a common practice on the work site to slide down the tarp when ladders or ropes were not provided. Claimants clearly met their initial burden of establishing that their claim fell within the purview of Labor Law § 240 (1).

In opposition, however, the State provided, *inter alia*, an affidavit from a physical engineer indicating that the containment tarp was not intended as a safety device and placement of a safety net was not a viable option. Instead, the State maintains that claimant was provided with the proper safety device in the form of a harness and lanyard, which he declined to use on the date of the accident. The State's witnesses disputed that workers were ever allowed on the tarp without safety harnesses and, if a worker was seen working at an elevated height without such a safety device in place, he or she would be told to attach it and that refusal of such an order would result in the worker's expulsion from the work site.

Clearly, the record contains a material dispute as to availability of safety devices and the practices in place at this work site on the date of the accident. Under the circumstances, the State has established a legitimate triable issue of fact as to whether claimant was provided proper protection at the work site and, therefore, whether claimant was a recalcitrant worker to whom the protections of Labor Law § 240 (1) do not apply (*see, Watso v Metropolitan Life Ins. Co.*, 228 AD2d 883, 884-885; *Vona v St. Peter's Hosp.*, 223 AD2d 903; *see also, Tennant v Curcio*, 237 AD2d 733). Accordingly, claimants' motion for partial summary judgment was properly denied.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the order is affirmed, without costs.