■ James Kouros, Respondent, v State of New York et al., Appellants. (Claim No. 98994.) [732 NYS2d 277].—Mugglin, J. Appeals (1) from an order of the Court of Claims (Hanifin, J.), entered June 22, 2000, which, *inter alia*, granted claimant's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and (2) from the judgment entered thereon.

This case again presents for our consideration the recalcitrant worker defense to a claim of liability arising under Labor Law § 240 (1). Among the facts which are not in dispute are the following. Defendant State of New York is the owner of a bridge which spans the Chenango River in Broome County where State Route 17 and Interstate Route 81 cross the river. Claimant's employer was awarded a contract to sandblast and repaint the bridge. Claimant and two co-workers (whose claims are not the subject of this appeal) were injured when a portion of the scaffold collapsed, plummeting them approximately 50 feet to the river.

At the time of his fall, claimant and his co-workers had erected the first section of scaffolding from the west bank of the river to the first pier of the bridge and were in the process of erecting the second span of scaffolding between two of the piers in the river. Claimant was provided with, and was wearing, a body harness to which two five-foot lanyards were attached at the waist, and the lanyards were connected to a safety line which was available and in place. Claimant was to connect the lanyards to the safety line at any time he was more than six feet above ground level; instructions to this effect were given to claimant and his co-workers, and claimant understood these safety instructions, even advising younger workers to observe them. Because of the presence of the pier,

however, the safety line was not continuous from one section of the scaffold to the other, necessitating unhooking on one side of the pier and rehooking on the other. In dispute is whether or not this maneuver could be accomplished by leaving one lanyard attached to the static line on one side of the pier while unhooking and reattaching the other lanyard on the other side of the pier. Claimant asserts that the span was too great to accomplish this feat, while others testified that it was the method by which they crossed the pier.

At the time of the accident, claimant and his co-workers were leaving the work area east of the first pier in the river to go on their lunch break. Claimant's undisputed testimony is that he unhooked the lanyards from the safety line at the pier, crossed the pier and stepped on the scaffold which collapsed before he could reattach his lanyards. The Court of Claims granted claimant's motion for summary judgment on the issue of liability under Labor Law § 240 (1) and denied defendants' motion for summary judgment dismissing this claim based on the recalcitrant worker defense. Defendants appeal, asserting that they have established that claimant was a recalcitrant worker as a matter of law or, in the alternative, that issues of fact concerning his recalcitrance preclude granting summary judgment to claimant. We disagree and therefore affirm.

To establish the recalcitrant worker defense, the owner/contractor must demonstrate that a worker deliberately refused to employ safety devices available, visible and in place at the worksite (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562-563; *Powers v Del Zotto & Sons Bldrs.*, 266 AD2d 668, 669; *Watso v Metropolitan Life Ins. Co.*, 228 AD2d 883, 884-885). We conclude that where the evidence shows that claimant was wearing the body harness and was attached to the safety line while performing his work, defendants have failed to establish a deliberate refusal to use the equipment. Claimant, as a matter of law, cannot be deemed to be a recalcitrant worker solely because he was not so attached when the other safety device, i.e., the scaffold, collapsed. Even if the disputed issue of fact were to be resolved against claimant, his failure to have at least one lanyard attached to the static line at all times establishes only that he was negligent in detaching both lanyards and in failing to reattach to the safety line after crossing the pier and prior to the collapse of the scaffold. A worker's contributory negligence, however, is not a defense to a Labor Law § 240 (1) claim (*see, Stolt v General Foods Corp.*, 81 NY2d

918, 920; *Smith v Hooker Chems. & Plastics Corp.*, 89 AD2d 361, *appeal dismissed* 58 NY2d 824).*

Crew III, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment are affirmed, without costs.

---

* Our decision in *Harrington v State of New York* (277 AD2d 856) is distinguishable. There, although equipped with a safety harness and lanyards, the claimant failed to use them in either climbing to the pier or descending from it. He was injured when he chose to descend by sliding down a containment tarp—which is not a safety device—when it ripped, causing his fall.