■ PATRICK J. COGAN, Respondent, v McCLOSKEY COMMUNITY SERVICE CORPORATION, Appellant. [829 NYS2d 732]—

Cardona, P.J. Appeal from an order of the Supreme Court (Canfield, J.), entered October 13, 2005 in Rensselaer County, which, inter alia, denied defendant's cross motion for summary judgment dismissing the complaint.

On June 26, 2002, plaintiff, while employed as a part-time maintenance worker for Catholic Charities Housing, allegedly sustained injuries when he fell from a ladder while attempting to paint the peak of the entranceway to certain property owned by defendant in the City of Troy, Rensselaer County. As a result, plaintiff commenced this personal injury action alleging, among other things, a violation of Labor Law § 240 (1). Following joinder of issue and discovery, plaintiff moved for partial summary judgment as to liability. Defendant cross-moved for summary judgment dismissing the complaint, contending that plaintiff's negligence was the sole proximate cause of his injuries. Supreme Court denied both motions, prompting this appeal by defendant.*

We are unpersuaded that Supreme Court erred in denying defendant's cross motion for summary judgment. Plaintiff testified at his examination before trial that, the day prior to his accident, he was instructed by his supervisor, Charles DeBrocky, to finish painting the top of the entranceway, located approximately 20 feet above the ground. He indicated that this directive was repeated the following morning. According to plaintiff, he was not given any specific instructions as to how to accomplish the task or reach that height, and the only equip-

---

* We note that, although the notice of appeal recites that the underlying order was entered in Schenectady County, it was, in fact, correctly entered in Rensselaer County. As such, we deem the error to be inconsequential (*see* CPLR 5520 [c]; *Hopkins v Tinghino*, 248 AD2d 794, 795 n [1998]).

ment at his disposal consisted of a 12-foot stepladder and a six-foot scaffold with a wooden platform. Consequently, plaintiff stated that he placed the scaffold so that it was straddling the adjacent sidewalk with the wheels resting on the grass in a locked position. He then placed the stepladder atop the scaffold, gathered his painting supplies and began to climb the ladder. As he did so, the scaffold shifted, ultimately toppling the ladder and sending plaintiff to the sidewalk below. Plaintiff testified that he was not provided with any related safety devices, such as a harness, safety belt or lifeline.

DeBrocky, on the other hand, indicated that his sole instruction to plaintiff on the morning of the accident was to paint the trim of the first-floor windows of the building. DeBrocky averred that those "windows were approximately five feet tall and could easily be reached without a ladder." He asserted that plaintiff inquired as to whether he should paint the roof line trim of the entranceway, to which DeBrocky replied, "I expressly told him that he was not to paint the entranceway trim because it was not part of the painting project that we were working on at that time." According to DeBrocky, he "made it abundantly clear that plaintiff was not to paint the entranceway since [he] expressly told [plaintiff] that it was not part of the painting project and that [plaintiff] should only paint the windows which could easily be reached without a ladder."

Significantly, to sustain a viable cause of action under Labor Law § 240 (1), the injured plaintiff must show that the statute was violated and such violation was the proximate cause of his or her injuries (*see Pearl v Sam Greco Constr., Inc.*, 31 AD3d 996, 997 [2006]). Although defendant maintains that plaintiff's own negligent conduct was the sole proximate cause of his injuries (*see e.g. Albert v Williams Lubricants, Inc.*, 35 AD3d 1115, 1117-1118 [2006]), the record clearly reflects a sharp factual dispute as to the nature of the work that plaintiff was to perform and the circumstances surrounding the accident. Thus, Supreme Court properly denied defendant's cross motion for summary judgment.

We have examined defendant's remaining arguments in support of its request for summary judgment relief and find that they do not warrant a different result.

Mercure, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.