■ MICHAEL HANVEY, Appellant, v FALKE's QUARRY, INC., et al., Respondents. [854 NYS2d 819]—

Rose, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered March 21, 2007 in Delaware County, which, among other things, granted defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff was dismantling an elevated conveyor at a stone quarry owned by defendants when a wire "come along" device that he had used to hold one end of the conveyor in place broke and the conveyor—with plaintiff on it—fell approximately eight feet to the ground. After commencing this action alleging common-law negligence and violations of the Labor Law, plaintiff moved for partial summary judgment on the issue of liability and defendants cross-moved for summary judgment dismissing all of his causes of action. Supreme Court, finding that plaintiff was a "recalcitrant worker," denied his motion

and granted defendants' cross motion. Plaintiff limits his appeal to that part of the court's order which dismissed his Labor Law § 240 (1) cause of action.

Inasmuch as the conveyor was the functional equivalent of a scaffold supporting plaintiff as he worked in an elevated position, and there is no dispute that it fell because the come along device failed, he made a prima facie showing of Labor Law § 240 (1) liability (*see e.g. Beard v State of New York*, 25 AD3d 989, 991 [2006]). Defendants responded with the affidavits of the quarry's plant supervisor and plaintiff's coworker asserting that plaintiff had not only misused the come along, but he also had available to him, and had been instructed to use, a stronger safety device, namely a chain fall, that would have prevented the conveyor from falling.* Specifically, they averred that plaintiff brought the chain fall to the conveyor but dropped it and, rather than retrieve it, chose to use the come along instead. This evidence disputed plaintiff's deposition testimony that there was no chain fall available for his use, effectively raising questions of fact as to whether he refused to use an appropriate and available safety device (*see Mills v Niagara Mohawk Power Corp.*, 262 AD2d 901, 902 [1999]; *Harrington v State of New York*, 255 AD2d 819, 820 [1998]; *Vona v St. Peter's Hosp. of City of Albany*, 223 AD2d 903, 904-905 [1996]).

On their cross motion, defendants have not offered sufficient proof of the capacity and proper use of the come along to establish its misuse. Also, because the evidence is conflicting as to the availability of a chain fall and whether plaintiff neglected to use it so that his own conduct was the sole cause of his injury, we conclude that Supreme Court should have denied defendants' cross motion for summary judgment dismissing the Labor Law § 240 (1) cause of action (*see Cogan v McCloskey Community Serv. Corp.*, 37 AD3d 926, 927 [2007]; *Canino v Electronic Tech. Co.*, 28 AD3d 932, 933-934 [2006]; *Traver v Valente Homes, Inc.*, 20 AD3d 856, 857-858 [2005]).

Mercure, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of defendants' cross motion dismissing the Labor Law § 240 (1) cause of ac-

---

* They also alleged that plaintiff failed to wear an available safety harness. While arguably negligent, this cannot be the sole cause of his injuries since it was not the cause of the conveyor's collapse and, without the collapse, he would not have been injured (*see Moniuszko v Chatham Green, Inc.*, 24 AD3d 638, 638-639 [2005]; *Pardo v Bialystoker Ctr. & Bikur Cholim*, 308 AD2d 384, 385 [2003]; *Kouros v State of New York*, 288 AD2d 566, 567-568 [2001]; *Aragon v 233 W. 21st St.*, 201 AD2d 353, 354 [1994]).

tion; cross motion denied to that extent; and, as so modified, affirmed.