*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 11, 2014                518328
_____

MARK FABIANO et al.,
                    Respondents,

         v                              MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Appellant.
_____

Calendar Date:   October 15, 2014

Before:   Lahtinen, J.P., McCarthy, Egan Jr., Lynch and
          Clark, JJ.

_____

        Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly
of counsel), for appellant.

        Sacks & Sacks LLP, New York City (Scott N. Singer of
counsel), for respondents.

_____

Lahtinen, J.P.

        Appeal from an order of the Court of Claims (Milano, J.),
entered October 10, 2013, which, among other things, granted
claimants' motion for partial summary judgment on the issue of
liability.

        Claimant Mark Fabiano (hereinafter claimant) was employed
by a contractor hired to paint one of defendant's bridges and was
injured when he stepped on a scaffold plank that collapsed,
causing him to fall to the pavement below and sustain injuries.
Claimant and his wife, derivatively, thereafter commenced this
action, asserting negligence and, as relevant here, violations of
Labor Law §§ 240 (1) and 241 (6).  Following discovery, claimants
moved for partial summary judgment with respect to Labor Law

§ 240 (1) liability and defendant cross-moved for summary judgment dismissing all causes of action.  The Court of Claims granted claimants' motion and denied defendant's cross motion and defendant now appeals.

We affirm.  Pursuant to Labor Law § 240 (1), contractors and owners are required to provide adequate safety devices — such as scaffolding, ladders or hangers — to afford proper protection against elevation-related hazards, and the failure to do so will result in liability for any injuries that are proximately caused by such failure (see Jackson v Heitman Funds/191 Colonie LLC, 111 AD3d 1208, 1209 [2013]; Silvia v Bow Tie Partners, LLC, 77 AD3d 1143, 1144 [2010]).  On this motion for partial summary judgment, defendant concedes that claimants demonstrated a prima facie showing of entitlement to judgment upon the collapse of the scaffold and, thus, the burden shifted to it to raise a question of fact about whether there was a statutory violation and whether claimant's own acts or omissions were the sole proximate cause of his accident (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8 [2003]; Rosier v Stoeckeler, 101 AD3d 1310, 1312 [2012]).

To that end, defendant alleged that claimant was recalcitrant in, among other things, failing to use an available safety harness.  With respect to such defense, liability pursuant to Labor Law § 240 (1) does not attach when safety devices are readily available at the work site and a claimant knows that he or she is expected to use them but, for no good reason, chooses not to and such omission is the sole proximate cause of the accident (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]; Portes v New York State Thruway Auth., 112 AD3d 1049, 1050 [2013], lv dismissed 22 NY3d 1167 [2014]; Silvia v Bow Tie Partners, LLC, 77 AD3d at 1144).  However, where a device intended to support a worker at an elevated height fails and that failure is a proximate cause of the accident, it is "conceptually impossible for a statutory violation (which serves as a proximate cause for a [claimant's] injury) to occupy the same ground as a [claimant's] sole proximate cause for the injury" (Portes v New York State Thruway Auth., 112 AD3d at 1051, quoting Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 290).

Here, the facts are undisputed that, in an effort to assist with the construction of a platform, claimant stepped onto a plank on the existing scaffold, which was the primary safety device erected for the work, and the plank collapsed, causing claimant to fall and sustain his injuries.  Accordingly, claimant's decision not to wear an available safety harness, or employ other safety measures that might have been available, could not have been the sole proximate cause of the accident, and the Court of Claims correctly awarded claimants partial summary judgment on the issue of liability with respect to their Labor Law § 240 (1) claim (see Hagins v State of New York, 81 NY2d 921, 922-923 [1993]; Portes v New York State Thruway Auth., 112 AD3d at 1050-1051; Hanvey v Falke's Quarry, Inc., 50 AD3d 1237, 1238 n [2008]; Kouros v State of New York, 288 AD2d 566, 567-568 [2001]).  Similarly, because claimant's actions could not constitute the sole proximate cause of his accident, the Court of Claims did not err in denying defendant's motion for summary judgment with respect to claimants' Labor Law § 241 (6) cause of action.

McCarthy, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court