Smith v State of New York (2020 NY Slip Op 01414)





Smith v State of New York


2020 NY Slip Op 01414


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

527971

[*1]Resheemah Smith, as Administrator of the Estate of Rahssan Smith, Deceased, Respondent,
v
State of New York, Appellant.

Calendar Date: January 14, 2020

Before: Clark, J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ.


Goldberg Segalla LLP, Buffalo (Jonathan M. Bernstein of counsel), for appellant.
Greenberg & Greenberg, Hudson (Michael J. Hutter of Powers & Santola, LLP, Albany, of counsel), for respondent.



Clark, J.P.
Appeal from an order of the Court of Claims (McCarthy, J.), entered November 21, 2018, which, among other things, partially granted claimant's cross motion for partial summary judgment.
Rahssan Smith (hereinafter decedent) was employed as a bridge painter by a company hired to perform work on a state-owned bridge over the Champlain Canal in the Town of Kingsbury, Washington County. On November 4, 2016, decedent and his coworkers were systematically disassembling a platform suspended under the bridge by unfastening and removing the corrugated metal sheets that made up the base of the platform. As decedent was working outwards from the center of the platform, two of the platform's cables snapped, causing the platform to cave in and collapse. Decedent slid into the canal, where, despite rescue efforts, he ultimately drowned.[FN1]
Claimant, decedent's spouse, thereafter commenced this action against defendant alleging, among other things, common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Following joinder of issue and discovery, defendant moved for summary judgment dismissing the claim. Claimant opposed the motion and cross-moved for partial summary judgment on the issue of liability under Labor Law §§ 240 (1) and 241 (6). The Court of Claims partially granted defendant's motion by dismissing the common-law negligence and Labor Law § 200 causes of action, partially granted claimant's cross motion for summary judgment on the issue of defendant's liability under Labor Law § 240 (1) and otherwise denied the motions. Defendant appeals, solely challenging the award of partial summary judgment to claimant on the issue of liability under Labor Law § 240 (1).
Labor Law § 240 (1) requires contractors and owners to provide adequate safety devices, such as scaffolding, to protect against elevation-related hazards, and the failure to provide such adequate safety devices will result in absolute liability for all injuries that are proximately caused by such failure (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]; Fabiano v State of New York, 123 AD3d 1262, 1263 [2014], lv dismissed 25 NY3d 957 [2015]). Liability under Labor Law § 240 (1), however, will not attach where the worker's deliberate refusal to employ available and visible safety devices in place at the work site is the sole proximate cause of the accident (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]; Kouros v State of New York, 288 AD2d 566, 567 [2001]).
Claimant established prima facie entitlement to summary judgment on Labor Law § 240 (1) liability through evidence demonstrating that two of the cables supporting the platform snapped, thereby causing the center of the platform to cave in and decedent to slide into the canal (see Portes v New York State Thruway Auth., 112 AD3d 1049, 1050 [2013], lv dismissed 22 NY3d 1167 [2014]). Defendant argued in opposition that decedent's failure to avail himself of certain safety devices, including wearing a life jacket and attaching his harness and lanyard to an anchorage point on the platform, was the sole proximate cause of the accident. The Court of Claims, however, properly rejected this argument, aptly reasoning that decedent's omissions (not wearing a life jacket or tying off to an anchorage point) could not be the sole proximate cause of the accident when the precipitating event was the failure of the platform itself (see Fabiano v State of New York, 123 AD3d at 1264; Portes v New York State Thruway Auth., 112 AD3d at 1050-1051). As the Court of Claims noted, decedent's failure to use additional safety devices amounts, at most, to comparative negligence, which does not preclude liability under Labor Law § 240 (1) (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39; Portes v New York State Thruway Auth., 112 AD3d at 1051; Kouros v State of New York, 288 AD2d at 567). Accordingly, the Court of Claims properly granted claimant partial summary judgment on the issue of liability under Labor Law § 240 (1).
Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: One of decedent's coworkers also slid into the canal, but he was rescued from the water.