Wood v Baker Bros. Excavating (2022 NY Slip Op 03040)

Wood v Baker Bros. Excavating

2022 NY Slip Op 03040

Decided on May 5, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 5, 2022

533600
[*1]Clifford Wood, Appellant,
v
Baker Brothers Excavating et al., Respondents.

Calendar Date:March 22, 2022

Before:Lynch, J.P., Clark, Reynolds Fitzgerald, Colangelo and McShan, JJ.

Dennis Kenny Law, Goshen (Evan M. Foulke of counsel), for appellant.
Law Offices of M. Randolph Belkin, Latham (Shawn T. Nash of counsel), for respondents.

Colangelo, J.
Appeal from an order of the Supreme Court (Mott, J.), entered May 24, 2021 in Ulster County, which, among other things, denied plaintiff's motion for partial summary judgment.
On August 11, 2017, plaintiff, a concrete laborer employed by Annandale Construction Corp., was injured at a bridge placement project work site in the Town of Shandaken, Ulster County when he slipped and fell approximately three feet from the bulkhead portion of a bridge footing. As relevant here, the Town contracted with defendant Brinnier and Larios, P.C., an engineering firm, for the design of the bridge, and retained defendant Kingston Equipment Rental, Inc. doing business as Baker Brothers Excavating (hereinafter KER) as the general contractor. KER subcontracted the concrete work for the project to Annandale.
In October 2018, plaintiff commenced this action alleging four causes of action against defendants based upon common-law negligence and Labor Law §§ 200, 240 (1) and (6). Following joinder of issue and discovery, plaintiff moved for partial summary judgment on the issue of liability as to his Labor Law § 240 (1) claim, which defendants opposed. Defendants cross-moved for partial summary judgment dismissing plaintiff's Labor Law § 240 (1) claim against KER and for summary judgment dismissing all claims against Brinnier and Larios, P.C. Supreme Court denied plaintiff's motion and the portion of the cross motion as to KER, determining, among other things, that, while plaintiff's deposition testimony and affidavit met his initial burden establishing the lack of safety equipment to perform work at the elevation of the bridge footing, KER raised triable issues of fact as to whether such equipment was available but unused by plaintiff, whether plaintiff was assigned to the ground crew when this accident occurred and what, if any, safety equipment was required for this assignment. The court granted the portion of the cross motion for summary judgment dismissing all claims against Brinnier and Larios, P.C. Plaintiff appeals, addressing only that portion of the order that denied his motion for partial summary judgment against KER. We affirm.
Labor Law § 240 (1) provides that "[a]ll contractors and owners and their agents . . . in the erection . . . of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, [safety devices] which shall be so constructed, placed and operated as to give proper protection to a person so employed." "As relevant here, liability under Labor Law § 240 (1) arises when a worker's injuries are the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Begeal v Jackson, 197 AD3d 1418, 1418-1419 [2021] [internal quotation marks, brackets and citations omitted]; see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96-97 [2015]). "Thus, to prevail on a motion for summary judgment for a Labor [*2]Law § 240 (1) claim, a plaintiff bears the burden of showing, as a matter of law, that the statute was violated and that the violation was the proximate cause of his or her injuries" (Begeal v Jackson, 197 AD3d at 1419 [citations omitted]). Liability under section 240 (1) does not attach when a plaintiff is the sole proximate cause of his or her injuries, such as "when the safety devices that [the] plaintiff alleges were absent were readily available at the work site, albeit not in the immediate vicinity of the accident, and [the] plaintiff knew he [or she] was expected to use them but for no good reason chose not to do so, causing an accident" (Gallagher v New York Post, 14 NY3d 83, 88 [2010]; see Smith v State of New York, 180 AD3d 1270, 1271 [2020]).
In support of his motion for summary judgment, plaintiff offered, among other things, his deposition testimony, in which he testified that he was standing near the edge of a bulkhead, approximately three feet from the ground, and as he reached up, standing on his "tippy toes a little" to remove pins and wedges from the wall, he slipped and fell into a ditch below and landed on his back. Plaintiff testified that there was scaffolding up at the job site but none was available for him to use. He testified that he did not think there were ladders available for him to use because he did not see any. After he fell, he called the foreman, who helped him get back on his feet, and he drove himself to an urgent care facility. There were no other workers present when he fell. According to the deposition testimony of the engineering firm's site inspector, KER was responsible for maintaining the safety program and enforcing safety standards at the work site. Plaintiff submitted the deposition of Annandale's then-foreman for the bridge project. The foreman testified that on the day of the accident, plaintiff had ground crew duty, so he "was not on the scaffolding, he was just on the ground." The foreman was "pretty sure that [plaintiff] was instructed not to be on the scaffolding." The foreman further described plaintiff's assignment: "There was a tall wall, there was a retaining wall. So there was people above him taking stuff down. [Plaintiff and another guy] were on the ground picking up stuff and moving it." The witness stated that he did not recall the specifics of the job or the amount of safety equipment at the work site. The president of KER testified that he was present on the site on the day of the incident. He was working 10 to 15 feet away from plaintiff when he heard plaintiff ask for help after he fell. The footing plaintiff fell from was dry and clean and approximately 2½ feet high.
The affidavit of Jeff Schmidt, an owner of Annandale, was submitted in opposition to plaintiff's motion and in support of defendants' cross motion. Plaintiff then submitted Schmidt's deposition testimony, which varied from some of the factual averments in his affidavit. He recalled one conversation [*3]with plaintiff that took place "[p]robably right up on the road when I first met him." Schmidt testified that he delivered safety devices to the job site all at once prior to commencement of work on the project. During the conversation with plaintiff, Schmidt told him that if he needed anything to let him know, and that any safety equipment that he might need was located in one of the trucks. The safety equipment he was talking to plaintiff about were ladders (an extension ladder and step ladder), harnesses, safety glasses and gloves. Although Schmidt was not present on the job site on the day of the accident and did not have personal knowledge of where plaintiff was standing when he fell, he was sure that the extension ladder was in the "hole" — the work site. There was scaffolding in place on both sides of the west wall, which was in the hole. Schmidt testified that there was unassembled scaffolding at the work site. He brought the scaffolding to the job and knew that not all of it was being used. Moreover, Schmidt testified that the scaffolding was portable, with removable braces and planks, rendering it readily available for use. During his testimony, Schmidt identified unused scaffolding, that would have been available to plaintiff if needed on the date of the accident, in a progress photograph of the work site taken the day before the accident. Progress photographs from the day of the accident also showed scaffolding available. Schmidt also identified an extension ladder in other progress photographs taken at the job site. Plaintiff had completed the OSHA 30 training which includes fall protection on construction sites. Schmidt testified that if an OSHA 30-trained worker is tasked to do something that requires a scaffold, the worker asks the supervisor for the scaffold or tells the supervisor that he cannot do this work.
We find that although plaintiff met his initial burden of establishing the lack of adequate safety equipment to perform work at a three-foot height differential, KER has raised triable issues of fact as to the precise task plaintiff was directed to perform when the accident occurred, the required safety equipment necessary therefor and whether adequate safety devices were available but plaintiff failed to use them. Accordingly, Supreme Court properly denied plaintiff's motion for partial summary judgment.
Lynch, J.P., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.