■ FRANCIS ZEITNER, Appellant-Respondent, v HERBMAX SHARON ASSOCIATES et al., Respondents-Appellants. (And a Third-Party Action.) [599 NYS2d 234] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered March 11, 1993, which denied the parties' motion and cross motion, respectively, for summary judgment, unanimously affirmed, without costs.

In order to impose absolute liability on a building owner, the injured party must prove a violation of Labor Law § 240 (1) *and* that said violation was the proximate cause of the injuries. *(Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, *appeal dismissed* 58 NY2d 824.) In light of the fact that the injured plaintiff here admits that a gust of wind caused him to fall from the ladder while he was holding a storm window in both hands, and since there is no evidence that the placement or positioning of the ladder caused plaintiff to fall, there are unresolved material issues of fact with regard to the proximate cause of the accident. *(See, e.g., Landry v Di Sarro Constr. Co.,* 149 AD2d 859, *affd* 74 NY2d 940.) While plaintiff's expert opines that, *inter alia,* the lack of a safety harness on the ladder failed to provide proper protection for plaintiff, that is an issue for the jury to determine. *(See, Miller v Long Is. Light. Co.,* 166 AD2d 564.)

As between the third-party defendant, Thermocell, plaintiff's employer, and defendants, there are issues of fact regarding the extent of authority and control each exercised over plaintiff. Accordingly, defendant's motion for summary judgment as against Thermocell was properly denied. Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Ross, JJ.