■ PASHALIS TZAMBAZIS, Appellant, v ARGO MANAGEMENT Co., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. DOMUS DEVELOPMENT CORP., Third-Party Defendant-Respondent. [646 NYS2d 627] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a resettled judgment of the Supreme Court, Queens County (Milano, J.), dated January 27, 1995, as, upon a jury verdict, is in favor of the defendant Argo Management Co. and against the plaintiff.

Ordered that the resettled judgment is affirmed insofar as appealed from, with costs to Argo Management Co.

This appeal brings up for review the issues raised by the plaintiff on his related appeal from so much of an order of the Supreme Court, Queens County (Milano, J.), dated March 30, 1994, as denied the plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) (*see, Tzambazis v Argo Mgt. Co.,* 230 AD2d 844 [decided herewith]).

The Supreme Court correctly denied the plaintiff's motion for summary judgment, since several issues of fact existed, namely how the accident occurred and whether the alleged defect in the ladder was a proximate cause of the plaintiff's injuries (*see, Zeitner v Herbmax Sharon Assocs.,* 194 AD2d 414; *see also, Ampolini v Long Is. Light. Co.,* 186 AD2d 772). In addition, the jury's verdict that the plaintiff was given proper protection for the work he was performing was not against the weight of the evidence nor was the proof supporting the verdict legally insufficient (*see, Grassi v Ulrich,* 87 NY2d 954). Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.