■ JACK N. CAPALBO, Respondent, v LEDERLE LABORATORIES, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant, HILTI COMPANY, INC., Respondent, et al., Defendant. ALL BRIGHT ELECTRIC, Third-Party Defendant-Appellant-Respondent. [683 NYS2d 284] —In an action to recover damages for personal injuries, All Bright Electric appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated July 29, 1997, as (1) granted the plaintiff's cross motion for leave to file an amended complaint to allege a cause of action pursuant to Labor Law § 240 (1), (2) denied that branch of its cross motion which was for summary judgment dismissing the plaintiff's cause of action under Labor Law § 240 (1), (3) granted that branch of the cross motion of the defendant third-party plaintiff, Lederle Laboratories, Inc., which was for summary judgment against it on the causes of action for common-law contribution and indemnification, (4) denied that branch of its cross motion which was for summary judgment dismissing the third-party

complaint, and (5) denied that branch of its cross motion which was to dismiss the cross claim of the defendant Hilti Company, Inc. The defendant third-party plaintiff, Lederle Laboratories, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment against All Bright Electric on its cause of action for contractual indemnification.

Ordered that the order is modified, by (1) deleting the provision thereof which granted that branch of the plaintiff's cross motion which was for leave to amend his complaint to allege a cause of action under Labor Law § 240 (1) and substituting therefor a provision denying that branch of the cross motion, (2) deleting the provision thereof which denied that branch of the cross motion of All Bright Electric which was for summary judgment dismissing the plaintiff's cause of action under Labor Law § 240 (1) and substituting therefor a provision denying that branch of the cross motion as academic, (3) deleting the provision thereof which granted that branch of the cross motion of the defendant third-party plaintiff which was for summary judgment against All Bright Electric on the causes of action for common-law contribution and indemnification and substituting therefor a provision denying that branch of the cross motion, and (4) deleting the provision thereof which denied that branch of the cross motion of All Bright Electric which was for summary judgment dismissing the third-party complaint and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the third-party complaint asserted by Lederle Laboratories, Inc., is dismissed.

The plaintiff was employed by All Bright Electric (hereinafter All Bright), a subcontractor hired by the owner and general contractor Lederle Laboratories, Inc. (hereinafter Lederle) to perform certain electrical work on the premises. The plaintiff was standing on a ladder about six feet above the ground, drilling a hole into a concrete wall. The drill bit became lodged in a reinforced steel bar within the concrete wall, and the body of the drill spun around and hit the plaintiff in the chest and jaw, knocking him off the ladder. The drill was manufactured by Hilti Company, Inc. (hereinafter Hilti).

The plaintiff commenced this action against Lederle based solely on common-law negligence and against Hilti based on various claims relating to the drill. Lederle commenced a third-party action against All Bright for contribution and indemnification, and Hilti cross-claimed against All Bright for contribution and indemnification.

The Supreme Court dismissed the plaintiff's common-law negligence cause of action against Lederle on the ground that it did not supervise the work area and that All Bright's contract expressly provided that All Bright would provide, *inter alia*, all equipment and supervision. The plaintiff has not appealed from that provision of the court's order. The Supreme Court granted the plaintiff's cross motion to amend his complaint to assert a claim against Lederle based on Labor Law § 240 (1).

The court improvidently exercised its discretion in granting the plaintiff's cross motion to amend its complaint, five years after commencement of the action, to include a claim based on Labor Law § 240 (1). The accident occurred in 1991, and the case was certified ready for trial twice by the plaintiff prior to his application in 1997 to amend the complaint. Although delay in seeking the amendment is not necessarily fatal to such a request (*see, Edenwald Contr. Co. v City of New York*, 60 NY2d 957), here the plaintiff failed to offer a reasonable excuse for the delay, the defendants demonstrated prejudice from the delay, and the plaintiff failed to make the required showing as to the merits of the proposed amendment (*see, Bertan v Richmond Mem. Hosp. & Health Ctr.*, 106 AD2d 362).

Labor Law § 240 (1) is designed to protect workers injured as a result of inadequate or missing safety equipment at elevated work sites (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491). The plaintiff must demonstrate that the failure to act as the statute requires " 'was a substantial cause of the events which produced the injury' "(*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562; *see also, Zimmer v Chemung County Performing Arts*, 65 NY2d 513).

The expert reports in the record reveal that the plaintiff sought to recover damages based on the theory that the "prime contributing factor" to his injuries was the improper design and/or manufacture of the drill's safety clutch and that Lederle's liability was predicated on its failure to inform All Bright or the plaintiff of the potential drilling hazard caused by hidden steel bars in the wall. The plaintiff's deposition testimony refutes any claim that the ladder was defective or unsafe (*cf., Gordon v Eastern Ry. Supply, supra*), and the plaintiff failed to present evidence to support his belated claim that the absence of any particular protective device was a substantial cause of his injures (*see, Weininger v Hagedorn & Co.*, 91 NY2d 958; *cf., Gange v Tilles Inv. Co.*, 220 AD2d 556; *Zeitner v Herbmax Sharon Assocs.*, 194 AD2d 414).

In view of our determination that it was error to permit the plaintiff to amend his complaint to assert a claim pursuant to

Labor Law § 240 (1), and since the plaintiff has not appealed from the dismissal of his common-law negligence cause of action, there are no remaining viable causes of action asserted against Lederle in the complaint. Lederle therefore cannot be held liable for the plaintiff's injuries, and the third-party complaint in which Lederle asserted causes of action for common-law and contractual indemnification against All Bright should be dismissed.

We conclude, however, that the Supreme Court properly denied All Bright's cross motion to dismiss the cross claim for contribution and indemnification asserted by Hilti against it, as there are issues of fact as to All Bright's liability. We note that the recent amendment to the Workers' Compensation Law, which limits the right of third parties to sue an employer for contribution or indemnification based upon liability for injuries sustained by the employee within the scope of his or her employment, is not to be applied retroactively to third-party actions pending on the effective date of the amendment (*see,* Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2; *Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Morales v Gross,* 230 AD2d 7). O'Brien, J. P., Thompson, Sullivan and Friedmann, JJ., concur.