■ Carlos Alberto Chacha, Appellant, v Glickenhaus Doynow Sutton Farm Development, LLC, et al., Respondents. [894 NYS2d 480]—

On the morning of March 6, 2007, in Chappaqua, the plaintiff, a carpenter, was nailing a plywood board to the floor joists of the first floor of a residence under construction. He was working less than four feet from the unprotected edge of the first floor, which was approximately 10 to 15 feet above a dirt floor. A stack of plywood boards, each eight feet by four feet by three-fourths inch in size, was placed nearby. While the plaintiff was bent over and nailing the plywood board to the joists, a strong gust of wind allegedly blew the top board of plywood off the nearby stack, striking the plaintiff in the arm and knocking him over the edge of the first floor and onto the dirt floor below. The plaintiff fell face down and sustained injuries, including a fractured skull and a fractured right arm.

The plaintiff established that the defendants violated Labor Law § 240 (1) by failing to provide him with an adequate safety device while he worked on an elevated job site (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287 [2003]; *Gordon v Eastern Ry. Supply,* 82 NY2d 555, 561-562 [1993]). However, the plaintiff failed to establish, as a matter of law, that his accident was a foreseeable consequence of the defendants' failure to provide him with an adequate safety device, rather than the result of an unforeseeable, independent,

intervening act that attenuated the defendants' failure to provide him with an adequate safety device (*see Gordon v Eastern Ry. Supply*, 82 NY2d at 562; *Mejia v African M.E. Allen Church*, 271 AD2d 583, 584 [2000]; *Tzambazis v Argo Mgt. Co.*, 230 AD2d 843 [1996]; *Zeitner v Herbmax Sharon Assoc.*, 194 AD2d 414 [1993]; *cf. Williams v 520 Madison Partnership*, 38 AD3d 464, 466-467 [2007]; *Cosban v New York City Tr. Auth.*, 227 AD2d 160, 161 [1996]). Accordingly, the plaintiff failed to establish that the defendants' violation of Labor Law § 240 (1) proximately caused his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 287; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 523 [1985]).

Since the plaintiff did not meet his initial burden, we need not consider the sufficiency of the defendants' opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.