Morera v New York City Tr. Auth. (2020 NY Slip Op 02535)





Morera v New York City Tr. Auth.


2020 NY Slip Op 02535


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Renwick, J.P., Gische, Mazzarelli, Webber, Singh, JJ.


11283 157570/14

[*1]David Morera, Plaintiff-Appellant,
v
The New York City Transit Authority, Defendant, George Comfort & Sons, Inc., et al., Defendants-Respondents. George Comfort & Sons, Inc., et al., Third-Party Plaintiffs-Respondents, First Quality Maintenance II, LLC doing business as First Quality Maintenance, Third-Party Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Mischel & Horn, P.C., New York (Lauren E. Bryant of counsel), for George Comfort & Sons Inc., and WWP Office, LLC, respondents.
Gallo Vitucci Klar LLP, New York (Anne Marie Garcia of counsel), for First Quality Maintenance II, LLC, respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered June 17, 2019, which denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim against defendants WWP Office LLC and George Comfort & Sons Inc., unanimously affirmed, without costs.
Plaintiff testified that he was about 15-to-17 feet above ground on a 24-foot ladder cleaning the windows inside a building owned and managed by defendants WWP and George Comfort, when a ceiling tile suddenly fell and struck him, causing the ladder to tip backward away from the wall against which it had been leaning. Although the ladder fell against the opposite wall, plaintiff fell off the ladder and was thrown to the ground below. When the accident occurred, the ladder was being held steady at the bottom by a coworker, but was otherwise unsecured.
The court properly denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim. There are issues of fact whether the falling ceiling tile was an intervening superceding cause of the accident (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 561-562 [1993]). Moreover, in view of plaintiff's testimony that the ladder was not defective, issues of fact also exist as to whether defendant failed to provide proper protection, and whether plaintiff's fall was proximately caused by the statutory violation or by the falling ceiling tile (see Nazario v 222 Broadway, LLC, 28 NY3d 1054 [2016]; Zeitner v Herbmax Sharon Assoc., 194 AD2d 414 [1st Dept 1993]; compare Cutaia v Board of Mgrs. of the Varick St. Condominium, 172 AD3d 424 [1st Dept 2019]).
The conflicting expert testimony also raises an issue of fact as to whether other adequate devices could have been provided. Plaintiff's reliance on Ortega v City of New York (95 AD3d [*2]125 [1st Dept 2012]) is misplaced, as that case does not address the situation where, as here, the accident is precipitated by an unforeseeable external force that is unrelated to the work being performed.
Plaintiff's argument, raised for the first time on appeal, that he may recover under a "falling object" theory, is unpreserved. In any event, the argument is unavailing, as the ceiling tile was not a material that required hoisting or securing for purposes of plaintiff's undertaking (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK