OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
Claimant was injured when he fell from the top of an unfinished abutment wall that rose some 15 feet above a road construction site. At the time of the accident, claimant was employed by a contractor that had been retained by the State to assist in the erection of a ramp. Claimant, who was working on an abutment on the east side of the road, had been directed to retrieve a 16-foot board that was located near the abutment on the west side of the road. Claimant crossed over the road via an overpass, walked down the west abutment, hoisted the lumber on his shoulder and then attempted to return to the east side using the same route. He fell from the west abutment, which was 18-inches wide and had numerous rebar rods protruding vertically from its surface. It is undisputed that the supervisor did not specifically direct claimant to use any particular route in his efforts to retrieve the lumber that was located on the west side of the road. Claimant thereafter commenced the present action against the State to recover for its alleged violation of Labor Law § 240 (1).
Claimant was properly granted partial summary judgment on the issue of the State’s liability under Labor Law § 240 (1). The State’s allegations that claimant had repeatedly been told not to walk across the abutment are not alone sufficient to create a triable issue of fact under the "recalcitrant worker” doctrine that was recognized in Smith v Hooker Chems. & Plastics Corp., 89 AD2d 361, appeal dismissed 58 *923 NY2d 824), since that defense is limited to cases in which a worker has been injured as a result of a refusal to use available safety devices provided by the employer or owner (see, Stolt v General Foods Corp., 81 NY2d 918 [decided herewith]). Furthermore, the State cannot rely on claimant’s own negligence in using an unsafe route to cross the road as a "supervening cause” of his injuries, since the accident was plainly the direct result of the failure to supply guardrails or other appropriate safety devices (see, id.).
Similarly unavailing is the State’s alternative claim that it could not be held liable if the trier of fact adopted its factual contention that the abutment from which claimant fell was not part of his work area at the time of the accident. Although the State’s papers alleged in conclusory fashion that the abutment in question was not part of the worksite, the record contains no support for that claim. To the contrary, the State’s own witness stated that the contractor was in the process of backfilling the west abutment wall at the time of the accident. Moreover, the wood needed to complete claimant’s job had been stored next to it. Under these circumstances, the fact that the abutment itself may not have been the focus of claimant’s work at the time of the accident is not alone a sufficient ground for absolving the State of liability.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.