OPINION OF THE COURT
 

 Simons, J.
 

 Plaintiff instituted this action against defendants Eastern Railway Supply, Inc. and GATX Capital Corp. seeking damages for injuries he sustained when he fell from a ladder while cleaning a railroad car. His appeal presents three questions: (1) is Eastern Railway Supply, Inc., the owner-lessor of the real property upon which an accident took place, subject to strict liability as an "owner” pursuant to Labor Law § 240 (1); (2) is plaintiff’s injury within the hazards contemplated under Labor Law § 240 (1); and (3) are defendants’ allegations that plaintiff was a recalcitrant worker sufficient to raise a triable issue of fact.
 

 I.
 

 On September 21, 1989, plaintiff, an employee of Ebenezer Railcar Services, Inc., was injured while cleaning the exterior of a railroad car with a hand-held sandblaster. GATX Capital Corp. owned the railroad car; Ebenezer, a wholly owned subsidiary of Eastern, was the contractor performing the work for GATX; and Eastern owned the "sandhouse” in which the cleaning was performed and the property upon which the "sandhouse” was situated. Eastern had leased the real property to Ebenezer. The accident occurred when plaintiff fell off a ladder leaning against the side of the railroad car while he was using the sandblaster.
 

 The questions were presented on cross motions for summary judgment. Supreme Court denied the motions but the Appellate Division modified its order. After deciding that under Labor Law § 240 (1): the railroad car was a "structure”;
 
 *
 
 Eastern was an "owner”; the accident fits within the falling worker or object test; and that plaintiff was not a recalcitrant worker, it granted judgment to plaintiff. One Justice dissented, concluding that defendant had raised a triable issue of
 
 *559
 
 fact on the recalcitrant worker issue. We agree with the Appellate Division majority and therefore affirm its order.
 

 II.
 

 Section 240 (1) of the Labor Law, often referred to as the "scaffold law”, provides that "[a]ll contractors and owners and their agents” engaged in cleaning a building or structure shall furnish or erect proper scaffolding, ladders and similar safety devices to protect employees in the performance of the work. The purpose of the section is to protect workers by placing the "ultimate responsibility” for worksite safety on the owner and general contractor, instead of the workers themselves
 
 (see, Ross v Curtis-Palmer Hydro-Elec. Co.,
 
 81 NY2d 494, 500;
 
 Rocovich v Consolidated Edison Co.,
 
 78 NY2d 509, 513; 1969 NY Legis Ann, at 407). Thus, section 240 (1) imposes absolute liability on owners, contractors and their agents for any breach of the statutory duty which has proximately caused injury
 
 (Rocovich v Consolidated Edison Co.,
 
 78 NY2d, at 513,
 
 supra).
 
 The duty imposed is "nondelegable and * * * an owner is liable for a violation of the section even though the job was performed by an independent contractor over which it exercised no supervision or control”
 
 (id.,
 
 at 513;
 
 see also, Ross v Curtis-Palmer Hydro-Elec. Co.,
 
 81 NY2d, at 500,
 
 supra; Haimes v New York Tel. Co.,
 
 46 NY2d 132, 136-137). We have noted "that section 240 (1) ' "is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed” ’ ”
 
 (Rocovich v Consolidated Edison Co.,
 
 78 NY2d, at 513,
 
 supra
 
 [quoting
 
 Quigley v Thatcher,
 
 207 NY 66, 68]).
 

 Eastern acknowledges that it owns the property where the accident took place but notes that it leased it to Ebenezer and that it neither contracted to have the work performed nor was the work performed for its benefit. Accordingly, it contends it cannot be liable as an "owner”.
 

 In
 
 Celestine v City of New York
 
 (86 AD2d 592, 593,
 
 affd
 
 59 NY2d 938
 
 for reasons stated below),
 
 the defendant made a similar claim. In that case the owner contended that it was not within the statute because the property was subject to an easement it had granted to the City of New York and the New York City Transit Authority. The action involved a claim under Labor Law § 241 (6) which requires that owners and contractors provide their workers with "reasonable and adequate protection and safety”. We recognized that the statute
 
 *560
 
 imposes liability on "all owners”, without regard to encumbrances, and that the duty to provide safe working conditions is nondelegable regardless of control.
 

 Section 240 (1) of the Labor Law, like section 241 (6), provides that the statutory duty is nondelegable. It does not require that the owner exercise supervision or control over the worksite before liability attaches
 
 (Ross v Curtis-Palmer Hydro-Elec. Co.,
 
 81 NY2d, at 501-502,
 
 supra).
 
 Although sections 240 and 241 had been construed before the 1969 amendment as requiring that an owner or general contractor actually exercise control or supervision before either could be held responsible, when the Legislature amended the Labor Law, as we noted in
 
 Haimes (supra),
 
 it referred to both sections and stated its purpose in redrafting them was to fix " 'ultimate responsibility for safety practices * * * where such responsibility actually belongs, on the owner and general contractor’ (NY Legis Ann, 1969, p 407)”
 
 (Haimes v New York Tel. Co.,
 
 46 NY2d, at 136,
 
 supra).
 
 Thus, the reasoning adopted in
 
 Celestine
 
 is controlling here. Liability rests upon the fact of ownership and whether Eastern had contracted for the work or benefit-ted from it are legally irrelevant.
 

 Similarly unpersuasive is Eastern’s claim that since it was not the "owner” of the "structure”, i.e., the railroad car, it cannot be held liable. The property was let to Ebenezer to be used for cleaning and repairing railroad cars
 
 (see generally, Ampolini v Long Is. Light Co.,
 
 186 AD2d 772;
 
 Pouso v City of New York,
 
 177 AD2d 560). The very presence of the structure on its property was the direct result of Eastern’s actions and established a sufficient nexus for liability to attach to it as an "owner”.
 

 Given the legislative history of section 240 and our affirmance in
 
 Celestine,
 
 we hold that when the Legislature imposed the duties of section 240 (1) on "[a]ll * * * owners” it intended to include owners in fee even though the property might be leased to another.
 

 III.
 

 Defendants also contend that plaintiff was not injured by a hazard contemplated by the statute.
 

 This accident happened after plaintiff climbed to the fourth or fifth step of the ladder and activated the trigger of the sandblaster. When he did so, the ladder tipped, causing him to fall. Plaintiff was not injured because he hit the ground but
 
 *561
 
 because in falling he lost control of the sandblaster and it sprayed him with sand. It continued to spray sand, apparently because of a defective trigger, after he hit the ground. Based on these facts, defendants maintain that any violation of section 240 (1) did not contribute to plaintiff’s injury but, rather, the injury was solely caused by the defective sandblaster.
 

 In
 
 Rocovich v Consolidated Edison Co.
 
 (78 NY2d 509, 514,
 
 supra),
 
 we noted that section 240 was intended to apply where there are "risks related to elevation differentials”. Thus, we concluded that the hazards contemplated by section 240 (1) "are those related to the effects of gravity where protective devices are called for * * * because of a difference between the elevation level of the required work and a lower level”
 
 (id.,
 
 at 514). We recently expanded upon
 
 Rocovich
 
 by stating that:
 

 "Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold * * * ladder or other protective device proved inadequate to shield the injured worker
 
 from harm directly flowing from the application of the force of gravity to an object or person.
 
 The right of recovery afforded by the statute does not extend to other types of harm, even if the harm in question was caused by an inadequate, malfunctioning or defectively designed scaffold”
 
 (Ross v Curtis-Palmer Hydro-Elec. Co.,
 
 81 NY2d, at 501,
 
 supra
 
 [emphasis in original]).
 

 In
 
 Ross
 
 plaintiff alleged that he was required to work in an awkward position on scaffolding and that doing so resulted in serious back injury. We held he was not entitled to recovery under section 240 (1) because "however unsafe the * * * 'scaffold’ may have been * * * it cannot be said that the device did not serve the core objective of Labor Law § 240 (1)— preventing plaintiff from falling”
 
 (id.,
 
 at 501;
 
 see also, Smith v New York State Elec. & Gas Corp.,
 
 189 AD2d 19,
 
 revd
 
 82 NY2d 781).
 

 In this case, plaintiff was working on a ladder and thus was subject to an "elevation-related risk”. The ladder did not prevent plaintiff from falling; thus the "core” objective of section 240 (1) was not met. Accordingly, plaintiff is within the protection of the statute if his injury was proximately caused by the risk, i.e., defendant’s act or failure to act as the statute
 
 *562
 
 requires "was a substantial cause of the events which produced the injury”
 
 (Derdiarian v Felix Contr. Corp.,
 
 51 NY2d 308, 315).
 

 Defendants maintain that plaintiff’s injury was caused by a defective sandblaster, not their failure to provide him with a sufficiently safe scaffold or ladder. In essence, they contend that the sandblaster was a superseding cause of plaintiff’s injuries, completely independent of defendants’ violation of the statute.
 

 Defendants are liable for all normal and foreseeable consequences of their acts. To establish a prima facie case plaintiff need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable; it is sufficient that he demonstrate that the risk of some injury from defendants’ conduct was foreseeable. An independent intervening act may constitute a superseding cause, and be sufficient to relieve a defendant of liability, if it is of such an extraordinary nature or so attenuated from the defendants’ conduct that responsibility for the injury should not reasonably be attributed to them
 
 (see, Kush v City of Buffalo,
 
 59 NY2d 26, 33;
 
 Derdiarian v Felix Contr. Corp., supra,
 
 at 316).
 

 In this case, defendants’ failure to provide plaintiff with a safe scaffold or ladder while he sandblasted the railroad car was a substantial cause leading to his fall and the injuries he sustained. Injury was a foreseeable result of cleaning railroad cars from an elevated position, and a fall and injury occasioned by an allegedly defective sandblaster used in the process is not of such an "extraordinary nature” that defendants’ responsibility for the injury should be severed. If it were, recovery under section 240 (1) would be foreclosed in every case in which a worker was using a tool while working in an elevated position, fell and was injured by the tool.
 

 IV.
 

 Finally, defendants contend that there are triable issues of fact concerning whether or not plaintiff was a recalcitrant worker to whom it owed no continuing duty of supervision.
 

 While it is well settled that an injured worker’s contributory negligence is not a defense to a Labor Law § 240 (1) claim, the "recalcitrant worker” defense may allow a defendant to escape liability under section 240 (1)
 
 (Stolt v General Foods Corp.,
 
 81 NY2d 918, 920;
 
 Smith v Hooker Chems. & Plastics Corp.,
 
 89 AD2d 361,
 
 appeal dismissed
 
 58 NY2d 824).
 
 *563
 
 The defense requires a showing that the injured worker refused to use the safety devices that were provided by the owner or employer
 
 (Stolt v General Foods Corp., supra).
 

 Defendants’ claim here rests on their contention that plaintiff was repeatedly instructed to use a scaffold, not a ladder, when sandblasting railroad cars. We have held, however, that an instruction by an employer or owner to avoid using unsafe equipment or engaging in unsafe practices is not a "safety device” in the sense that plaintiff’s failure to comply with the instruction is equivalent to refusing to use available, safe and appropriate equipment
 
 (Stolt v General Foods Corp., supra; see also, Hagins v State of New York,
 
 81 NY2d 921, 922-923). Evidence of such instructions does not, by itself, create an issue of fact sufficient to support a recalcitrant worker defense.
 

 Accordingly, the judgment of Supreme Court appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith and Levine concur; Judge Hancock, Jr., taking no part.
 

 Judgment of Supreme Court appealed from and order of the Appellate Division brought up for review affirmed, with costs.
 

 *
 

 The parties have conceded this point and the issue of whether a mobile railroad car may be classified as a "structure” under Labor Law § 240 (1) is not before this Court.