■ JAMES P. HALL et al., Appellants, v CORNELL UNIVERSITY, Respondent. [612 NYS2d 694] —Weiss, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered November 9, 1993 in Tompkins County, which denied plaintiffs' motion for partial summary judgment on the issue of liability.

The stated purpose of the "scaffold law" (Labor Law § 240 [1]) is to protect workers by placing the "ultimate responsibility" for worksite safety on the owner and general contractor, instead of the workers themselves (1969 NY Legis Ann, at 407; *see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513). The statute requires that: "All contractors and owners and their agents * * * in the erection * * * of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding * * * ladders * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240 [1]). The liability for injuries to workers proximately related to the lack of those implements is absolute *(Bland v Manocherian,* 66 NY2d 452, 459; *see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 519; *D'Amico v Manufacturers Hanover Trust Co.,* 177 AD2d 441, 442), and the statute is to be construed as liberally as possible to achieve its remedial purpose *(Lombardi v Stout,* 80 NY2d 290, 296). The nondelegable duty does not require that an owner actually exercise supervision or control of the worksite before liability attaches *(Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 502).

The facts on this appeal, simply stated, show that John J. Paulsey, Inc. (hereinafter Paulsey) contracted with defendant to construct a thermal storage plant on defendant's campus. On January 11, 1991, plaintiff James P. Hall (hereinafter plaintiff), while employed by Paulsey as a carpenter, was injured when he fell from one of the walls under construction.

Plaintiff had been walking on the top of the wall intending to resecure protective plastic sheeting that separated from the wall; he either slipped or lost his balance when he stepped in an indentation called a beam pocket, causing him to fall some 13 feet to the ground below. Plaintiff and his wife allege common-law negligence and violations of Labor Law §§ 200, 240 and 241. Following discovery, plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Supreme Court denied the motion, finding triable issues of fact as to the availability of safety devices and plaintiff's failure to utilize such devices.

On this appeal, plaintiff claims entitlement to summary judgment because (1) there were no safety devices installed to protect him at the place where he fell, (2) defendant is absolutely liable for noncompliance as an owner, (3) the elevated worksite had no protective devices at the place where the accident occurred, and (4) defendant failed to make certain that safety devices were utilized. In opposition, defendant argues that plaintiff had, in fact, previously used a scaffold and a ladder, both of which were provided and available, but in the instant circumstance *chose* to walk across the top of the wall and, therefore, as a matter of law, has failed to establish a violation of the statute and proximate cause. At the very least, defendant contends that Supreme Court correctly found a disputed factual issue that precludes summary judgment. Defendant argues that having provided both a scaffold and ladder, it cannot be compelled to ensure on a minute-to-minute basis that plaintiff continued to use those safety devices *(see, Cannata v One Estate,* 127 AD2d 811, 813). Further, since this was an unwitnessed accident, the salient facts of which are exclusively within plaintiff's knowledge, and since there was no apparent defect in the scaffold or ladder, defendant urges that summary judgment would be improper.

We first reject any suggestion that the recalcitrant worker defense should allow defendant to escape liability under Labor Law § 240 (1) *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 562-563; *Stolt v General Foods Corp.,* 81 NY2d 918, 920; *Rodriguez v New York City Hous. Auth.,* 194 AD2d 460, 462). There has been no showing that plaintiff *refused* to use safety devices provided by the owner or contractor *(see, Stolt v General Foods Corp., supra,* at 920; *Murray v Niagara Frontier Transp. Auth.,* 199 AD2d 984), nor has it been demonstrated that plaintiff was instructed, repeatedly or otherwise, to use the scaffold or ladder *(see, supra; see also, Hagins v State of New York,* 81 NY2d 921, 922-923).

Since "the mere presence of safety devices at the worksite does not diminish [a] defendant's liability" *(Neville v Deters,* 175 AD2d 597; *see, Draiss v Salk Constr. Corp.,* 201 AD2d 698; *Laurie v Niagara Candy,* 188 AD2d 1075; *cf., Garhartt v Niagara Mohawk Power Corp.,* 192 AD2d 1027) and since " 'an owner and contractor do not fulfill their statutory obligation and thereby escape the imposition of absolute liability merely by demonstrating that there was present somewhere at a job site a ladder which might have been used by a worker for the safer performance of his assigned work' " *(Neville v Deters, supra,* at 597, quoting *Heath v Soloff Constr.,* 107 AD2d 507, 512; *see, Murray v Niagara Frontier Transp. Corp., supra; Singh v Barrett,* 192 AD2d 378, 379), we hold that plaintiff was entitled to partial summary judgment on the issue of liability.

We find the remaining arguments unpersuasive.

Cardona, P. J., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and partial summary judgment awarded to plaintiffs on the issue of defendant's liability under Labor Law § 240 (1).