■ FRED A. KAFFKE, Respondent, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant and Third-Party Plaintiff. HERBERT INDUSTRIAL INSULATION, INC., Appellant and Third-Party Defendant. (And a Fourth-Party Action.) [685 NYS2d 305] —Carpinello, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered May 14, 1998 in Broome County, which granted plaintiff's motion for summary judgment on the issue of Labor Law § 240 (1) liability.

In November 1994, plaintiff was working as a welder at a power station owned by defendant. Although his job at times consisted of elevation-related tasks, plaintiff could not be fitted with an available on-site safety belt due to his weight, which at that time was approximately 350 pounds. After several attempts to order a safety belt in plaintiff's size, one was finally obtained. On the day the belt was procured, plaintiff was advised by his supervisor that it was located in a gangbox in the basement of the work site. That same afternoon plaintiff and a co-worker allegedly spent about "ten or fifteen minutes looking through gang boxes trying to find [the] belt" without success. Plaintiff returned to work without the protection of the safety belt and, while standing on a scaffolding plank elevated approximately six feet above a platform, sustained injuries after the plank broke causing him to fall to the platform below. Plaintiff's foreman averred that after the accident he observed the safety belt "in plain view" and "in the exact location" that he had described for plaintiff. In this negligence action that ensued, plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 240 (1) which was granted by Supreme Court. This appeal followed.

Defendant and third-party defendant contend that Supreme Court erred by granting partial summary judgment to plaintiff because a question of fact exists as to the recalcitrant worker defense. To succeed on this defense, it must be demonstrated that the safety device in question was available and in place for use at the work station by the worker who deliberately refused to use it (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 563; *Hall v Cornell Univ.*, 205 AD2d 872, 873). Even if we were to give full credence to the supervisor's description of the availability of the safety device, the record discloses that the safety belt was not at plaintiff's work station but rather in a gangbox in the basement. The belt's mere presence somewhere on the work site is insufficient to satisfy the doctrine (*see, Vona v St. Peter's Hosp.*, 223 AD2d 903, 904). Rather, the clear weight of authority on this issue is that the safety device must be visible at the worker's immediate work site (*see, Tennant v Curcio*, 237 AD2d 733). Further, there is no evidence that plaintiff ever refused to use a safety belt. Under these circumstances, we conclude that Supreme Court's finding of liability under Labor Law § 240 (1) was appropriate.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.