■ Jody C. Powers et al., Respondents, v Lino Del Zotto and Son Builders, Inc., Defendant and Third-Party Plaintiff-Appellant. Steve Reutter, Sr., Third-Party Defendant-Respondent-Appellant. [698 NYS2d 74] —Spain, J. Appeal from an order of the Supreme Court (Lynch, J.), entered August 10, 1998 in Schenectady County, which, *inter alia,* granted plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

In July 1994, plaintiff Jody C. Powers (hereinafter plaintiff) was injured when he fell from a sawhorse while working on the construction of a building while employed as a laborer for third-party defendant, Steve Reutter, Sr. Defendant was the general contractor as well as the owner of the subject property. Plaintiff sustained injuries when he fell from the sawhorse while attempting, without assistance, to install a beam at the top of the first-story wall. He alleges that he was standing on one end of the sawhorse when the other end opposite to where he was standing lifted, causing him to lose his balance and control of the beam and fall, at which point he was struck by the joist hangars attached to the falling beam.

Plaintiff and his wife, derivatively, commenced this action against defendant premised upon Labor Law § 240 (1) and common-law negligence, and then moved for partial summary

judgment on the issue of liability on their statutory claim. Defendant opposed and cross-moved for summary judgment on its third-party complaint against Reutter for indemnification, and also cross-moved for summary judgment dismissing plaintiffs' common-law negligence claim. Reutter opposed all motions. Supreme Court granted plaintiffs' motion for partial summary judgment on liability on their Labor Law claim but otherwise denied defendant's motions. Defendant appeals and Reutter cross-appeals and, upon review, we conclude there should be an affirmance.

First, Supreme Court correctly awarded plaintiffs summary judgment on the issue of liability on their Labor Law § 240 (1) cause of action. It is uncontroverted that at the time of this accident plaintiff was engaged in construction work, an occupational hazard encompassed within Labor Law § 240 (1), and that the injury was the result of his fall from an elevated worksite which caused him to lose control of the beam he was attempting to install which then struck him. This is the precise type of special elevation-related hazard to which the nondelegable duty of Labor Law § 240 attaches (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560-562; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501; *cf., Misseritti v Mark IV Constr. Co.*, 86 NY2d 487).

Defendant and Reutter contend that they raised a question of fact regarding the recalcitrant worker defense which would allow them to escape the absolute liability imposed by Labor Law § 240 (1). Success on this "recalcitrant worker" defense requires a showing that the safety device in question was both available and visibly in place at the immediate worksite of the injured employee who deliberately refused to use it (*see, Kaffke v New York State Elec. & Gas Corp.*, 257 AD2d 840; *see also, Gordon v Eastern Ry. Supply, supra*, at 563; *Tennant v Curcio*, 237 AD2d 733; *Watso v Metropolitan Life Ins. Co.*, 228 AD2d 883; *Jastrzebski v North Shore School Dist.*, 223 AD2d 677, *affd* 88 NY2d 946; *Hall v Cornell Univ.*, 205 AD2d 872). Thus, this defense is not established merely by showing that the worker failed to comply with an employer's instruction to avoid using unsafe equipment or engaging in unsafe practices, or to use a particular safety device (*see, Gordon v Eastern Ry. Supply, supra*, at 563; *Stolt v General Foods Corp.*, 81 NY2d 918, 920; *Hagins v State of New York*, 81 NY2d 921, 922; *Tennant v Curcio, supra*, at 734; *Fichter v Smith*, 259 AD2d 1023, *lv dismissed and denied* 93 NY2d 994), and " 'the mere presence of safety devices at the worksite does not diminish [a] defendant's liability' " (*Hall v Cornell Univ., supra*, at 874, quoting *Neville v Deters*, 175 AD2d 597).

In support of their motion, plaintiffs submitted plaintiff's testimony wherein he asserted that while the normal procedure for the installation of the beam would have been to use a stepladder, all three of the job site stepladders were in use by his three co-workers who were otherwise engaged at the time, so he decided to install the beam by himself using the sawhorse. He contends that he was given no safety instructions in this regard. This testimony satisfied plaintiffs' burden of establishing, prima facie, defendant's and Reutter's liability under Labor Law § 240 (1).

Plaintiff's supervisor asserts in an affidavit that there were stepladders available at the job site that day and that he had instructed plaintiff not to attempt to install the beam by himself, not to stand on the sawhorse, and to use a stepladder. These contentions are not sufficient to raise a question of fact on this defense (*see, Gordon v Eastern Ry. Supply, supra*, at 563; *Tennant v Curcio, supra*, at 734-735). Notably, the supervisor did not claim that he actually provided plaintiff with a safety device or indicate where it was located or that it was in place (*see, Gordon v Eastern Ry. Supply, supra*; *Stolt v General Foods Corp., supra*; *Hagins v State of New York, supra*; *Tennant v Curcio, supra*; *cf., Mills v Niagara Mohawk Power Corp.*, 262 AD2d 901; *Harrington v State of New York*, 255 AD2d 819; *Watso v Metropolitan Life Ins. Co., supra*; *Jastrzebski v North Shore School Dist., supra*, at 678-679; *Smith v Hooker Chems. & Plastics Corp.*, 89 AD2d 361, *appeal dismissed* 58 NY2d 824). Indeed, "the safety device must be visible at the worker's immediate work site" (*Kaffke v New York State Elec. & Gas Corp., supra*, at 841) and its "mere presence somewhere on the work site is insufficient" (*id.*), "particularly in the absence of evidence as to its location on the property" (*Tennant v Curcio, supra*, at 735) or its availability or visibility to plaintiff.

Further, even if we were to credit the supervisor's averment that, prior to the accident, he directed plaintiff "to wait a few minutes until [he] could assist him", plaintiff's failure to comply with this instruction is not equivalent to a refusal to use an available safety device that was actually provided so as to create a question of fact on this defense (*see, Gordon v Eastern Ry. Supply, supra*, at 563; *cf., Jastrzebski v North Shore School Dist., supra*, at 679-680). At most, it would demonstrate plaintiff's contributory negligence which does not operate to reduce the owner and/or contractor's liability for failing to provide adequate safety devices (*see, Stolt v General Foods Corp.*, 81 NY2d 918, 920, *supra*). While owners and/or contrac-

tors do not have a duty under Labor Law § 240 (1) to supervise employees to insure that they use the safety equipment supplied (*see, Smith v Hooker Chems. & Plastics Corp., supra*, at 365-366; *see also, Jastrzebski v North Shore School Dist., supra*, at 680), they do have an absolute, nondelegable duty to actually provide adequate safety devices and only an injured worker's deliberate refusal to use available and visible safety devices in place at the work station will raise a question of fact on this defense (*see, Kaffke v New York State Elec. & Gas Corp., supra*, at 841; *Tennant v Curcio, supra*, at 734-735.) Thus, Supreme Court correctly granted plaintiffs' motion for summary judgment on the issue of liability on this statutory claim.

Next, we do not agree with defendant's contention that Supreme Court erred in denying that part of its summary judgment cross motion on its third-party complaint seeking common-law indemnification from Reutter. Supreme Court correctly ruled that until these parties' respective faults are determined, any claim for indemnification is premature. While Supreme Court recognized that defendant's statutory liability is vicarious only and that defendant may seek common-law indemnification from the person or entity ultimately determined to be primarily at fault for failure to provide the statutory safety devices to plaintiff (*see, Chapel v Mitchell*, 84 NY2d 345, 347), defendant must await the determination at trial of plaintiffs' common-law negligence cause of action against defendant and the jury's apportionment of damages based upon respective faults of defendant and Reutter, if any, for plaintiff's injuries (*see, Williams v G.H. Dev. & Constr. Co.*, 250 AD2d 959; *see also, Weininger v Hagedorn & Co.*, 91 NY2d 958, 960).

Accordingly, the order of Supreme Court, insofar as appealed from, is affirmed.

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs to plaintiffs.