■ ROBERT J. SALOTTI, Appellant, v WELLCO, INC., Respondent. [709 NYS2d 733] —Order unanimously affirmed without costs. Memorandum: Plaintiff contends that Supreme Court erred in denying his motion for partial summary judgment on liability under Labor Law § 240 (1) because there are no triable issues of fact concerning whether plaintiff was a recalcitrant worker or whether his actions were the sole proximate cause of his injuries. We agree with plaintiff that the recalcitrant worker defense lacks merit as a matter of law. A defendant does not establish that defense merely by showing that plaintiff was instructed to avoid an unsafe practice (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 563; *Hagins v State of New York,* 81 NY2d 921, 922-923). Further, it is well established that the presence of a safety device elsewhere at the job site will not defeat liability (*see, Kaffke v New York State Elec. & Gas Corp.,* 257 AD2d 840, 841; *see generally, Heath v Soloff Constr.,* 107 AD2d 507, 512). In asserting a recalcitrant worker defense, a defendant must establish that plaintiff deliberately or purposely refused an order to use safety devices actually put in place or made available by the owner or contractor (*see, Hagins v State of New York, supra,* at 922-923; *Stolt v General Foods Corp.,* 81 NY2d 918, 920; *Jastrzebski v North Shore School Dist.,* 223 AD2d 677, 679-680, *affd* 88 NY2d 946; *Kulp v Gannett Co.* [appeal No. 1], 259 AD2d 969).

The court nonetheless properly denied plaintiff's motion. The divergent accounts of the accident set forth in plaintiff's papers create triable issues of fact concerning the manner in which

the accident occurred (*see, Smith v Torre,* 247 AD2d 896; *Abramo v Pepsi-Cola Buffalo Bottling Co.,* 224 AD2d 980, 981), in particular, whether defendant violated the statute and whether such alleged violation was a proximate cause of plaintiff's injuries, or whether plaintiff's actions were the sole proximate cause of the injuries (*see, Weininger v Hagedorn & Co.,* 91 NY2d 958, 960, *rearg denied* 92 NY2d 875; *Hilbert v Sahlen Packing Co.,* 267 AD2d 940). (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.