■ ANTHONY VILLENEUVE, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 92656.) [711 NYS2d 666] —Order unanimously affirmed with costs. Memorandum: Claimant commenced this action to recover damages for injuries he sustained in a fall at a construction site owned by defendant. The Court of Claims properly denied defendant's motion for summary judgment dismissing the Labor Law § 240 (1) cause of action and granted claimant's cross motion for partial summary judgment on liability on that cause of action. At the time of the accident, claimant was descending a ladder from a pitched roof to a flat roof in order to obtain supplies that were stored on the flat roof. A ladder jack was connected to the ladder to support a scaffolding structure next to the building. Because of the placement of the ladder jack, it was necessary for claimant to maneuver around the ladder jack and scaffolding planks to gain access to the lower portion of the ladder. The record contains two versions of claimant's fall from the ladder to the flat roof and then to the ground. One version is that claimant fell as he was maneuvering around the ladder jack and scaffolding planks to gain access to the lower portion of the ladder. The other version is that claimant fell as he stepped off the ladder in an effort to avoid materials stacked by the ladder. Under either version, claimant's descent was obstructed and the ladder was not "so constructed, placed and operated as to give proper protection" to claimant (Labor Law § 240 [1]). Thus, despite the minor variations in the witnesses' accounts, "there is no view of the evidence here which could lead to the conclusion that the violation of Labor Law § 240 (1) was not the proximate cause of the accident" (*Felker v Corning Inc.,* 90 NY2d 219, 225; *see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 561-562). Furthermore, defendant cannot escape liability under the statute based upon claimant's alleged negligence in using an unsafe means of descending from the pitched roof to the flat roof (*see, Hagins v State of New York,* 81 NY2d 921, 923). Nor does the evidence raise a triable issue of fact with respect to the recalcitrant worker defense. There is no evidence that claimant refused to use safety devices provided by defendant or his employer (*see, Gordon v Eastern Ry. Supply, supra,* at 563; *Hagins v State of New York, supra,* at 923; *cf., Jastrzebski v North Shore School Dist.,* 223 AD2d 677, 679-680, *affd* 88 NY2d 946). (Appeal from Order of Court of Claims, NeMoyer, J.—Summary Judgment.) Present—Green, J. P., Wisner, Kehoe and Lawton, JJ.