■ ANTHONY HARRIS, Appellant, v MIGUEL RODRIGUEZ et al., Respondents. TIME WARNER CABLE OF NEW YORK CITY, a Division of TIME WARNER ENTERTAINMENT Co., L. L. P., Third-Party Plaintiff, v QUEENS CABLE CONTRACTORS, INC., Third-Party Defendant-Respondent. [721 NYS2d 344] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 9, 1999, which granted the motion of defendant and third-party plaintiff Time Warner Cable of New York City, the cross motion of defendant Miguel Rodriguez, and the cross motion of third-party defendant Queens Cable Contractors (QCC), for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion and cross motions denied and the complaint reinstated.

Plaintiff asserts that he fell when the roof of a shed upon which he was sitting, while attaching television cable to a box on an adjacent pole, collapsed. Plaintiff's employer supplied him with a 24-foot ladder, which plaintiff testified that he wanted to use for the job. However, he and his partner left the ladder on their truck on the street, because they could not safely transport it either through the house or through the alley way, to the cable pole behind the house. Plaintiff alleges that to accomplish the job, he was therefore required to climb onto the roof.

Plaintiff's testimony at two depositions that he could not get the ladder into position (1) because there was shrubbery blocking access, and (2) because there was accumulated debris in the alleyway, does not require a finding that plaintiff was a "recalcitrant worker," to whom the protections of Labor Law § 240 (1) do not apply. The recalcitrant worker defense requires a showing of the "injured worker's *deliberate refusal* to use available and visible safety devices in place at the work station" (*Powers v Del Zotto & Son Bldrs.*, 266 AD2d 668, 671 [emphasis supplied]; *Kaffke v New York State Elec. & Gas Corp.*, 257 AD2d 840; *Davis v Board of Trustees of Hicksville Pub. Lib.*, 240 AD2d 461; *Tennant v Curcio*, 237 AD2d 733; *Heath v Soloff Constr.*, 107 AD2d 507). There was no evidence here that plaintiff deliberately refused to use a safety device. Accordingly, the claims under Labor Law § 240 (1) and § 241 (6) are reinstated. Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Rubin, JJ.