◼ In the Matter of WAYNE DREXEL et al., Respondents, v NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Claim No. 99431.) [725 NYS2d 923] —Order unanimously affirmed without

costs. Memorandum: Claimants commenced this action to recover damages for personal injuries sustained by Wayne Drexel (claimant) when he fell 70 feet from scaffolding during the course of blasting and repainting work on the North Grand Island Bridge. The Court of Claims properly granted claimants' motion for partial summary judgment on liability under Labor Law § 240 (1), and properly denied defendant's cross motion for summary judgment dismissing that claim. Claimants sustained their burden on the motion by demonstrating a causal connection between the statutory violation and claimant's injuries (*see, Felker v Corning Inc.*, 90 NY2d 219, 224-225; *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 518-519, 524, *rearg denied* 65 NY2d 1054). Defendant failed to raise a triable issue of fact on causation in opposition to claimants' motion, and defendant failed to meet its burden on its cross motion of demonstrating that the conduct of claimant was the sole proximate cause of his injuries (*see, Villeneuve v State of New York*, 274 AD2d 958; *cf., Weininger v Hagedorn & Co.*, 91 NY2d 958, 960, *rearg denied* 92 NY2d 875). Defendant further failed to establish as a matter of law that claimant was a recalcitrant worker, nor did defendant raise a triable question of fact on that issue (*see, Gordon v Eastern Ry. Supply*, *supra*, at 562-563; *Hagins v State of New York*, 81 NY2d 921, 922-923; *Stolt v General Foods Corp.*, 81 NY2d 918, 920). (Appeal from Order of Court of Claims, NeMoyer, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.