■ JOHN LANTRY, Respondent, v PARKWAY PLAZA, L. L. C., et al., Appellants. [726 NYS2d 755] —Mugglin, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered September 5, 2000 in Broome County, which, *inter alia*, granted plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff, an iron worker, and his co-worker were standing on roof joists during the construction of a building owned by defendant Parkway Plaza, L. L. C. Defendant Northeast United, L. L. C. was the general contractor on this project and plaintiff's employer, Binghamton Steel Erectors, Inc., was a subcontractor. At this time, plaintiff and his co-workers were hoisting bundles of steel decking, weighing approximately 5,600 pounds each, to the roof for installation. This operation proceeded despite the fact that the joists had not yet been welded to the steel beams on which they rested nor had cribbing yet been installed between the joists. As one of these bundles was placed, the joist under plaintiff rolled, slipped off the beam on which it was resting and the joist, the steel decking and plaintiff plummeted approximately 20 feet to the ground. Plaintiff was severely injured as a result of the fall.

Plaintiff commenced this action alleging, *inter alia*, violations of Labor Law §§ 200, 240 (1) and § 241 (6). Plaintiff's subsequent motion for summary judgment on the issue of liability under Labor Law § 240 (1) was initially denied by Supreme Court, without prejudice, pending additional discovery regarding the recalcitrant worker defense raised by

defendants. Following additional discovery, Supreme Court granted the motion and defendants appeal.

On this appeal, defendants do not claim that plaintiff has failed to make a prima facie showing of a violation of Labor Law § 240 (1). Rather, as limited by their brief, they assert that they have shown the existence of factual issues as to whether plaintiff was a recalcitrant worker, as to whether he was provided proper protection and as to whether his refusal to wear protective devices was a proximate cause of the accident. Finding no triable issues of fact, we affirm.

"To succeed on this defense, it must be demonstrated that the safety device in question was available and in place for use at the work station by the worker who deliberately refused to use it [citations omitted]" (*Kaffke v New York State Elec. & Gas Corp.*, 257 AD2d 840, 841). There is no showing in this record that plaintiff refused to use the safety harness and lanyard nor that he was instructed to do so (*see*, *Hall v Cornell Univ.*, 205 AD2d 872, 873). Plaintiff's deposition testimony to this effect is supported by the deposition testimony of both his supervisor and his superintendent. They both stated that they never personally directed plaintiff to wear a harness while working as a "connector," that plaintiff had never refused to wear such safety equipment, and that it was their understanding at the time of plaintiff's accident that the use of a harness and lanyard by connectors was not required. Moreover, the fact that safety harnesses and belts and lanyards were stored in a tool box on the back of the crane does not provide a defense (*see*, *Powers v Del Zotto & Son Bldrs.*, 266 AD2d 668, 669; *Kaffke v New York State Elec. & Gas Corp.*, *supra*, at 841; *Hall v Cornell Univ.*, *supra*, at 874).

Cardona, P. J., Crew III, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.