■ Fotios Douvartidis, Appellant, v State of New York, Respondent. [767 NYS2d 890]—

In a claim to recover damages for personal injuries, the claimant appeals, as limited by his brief, from so much of an order of the Court of Claims (Scuccimarra, J.), dated September 27, 2002, as granted that branch of the defendant's motion

which was for summary judgment dismissing the claim pursuant to Labor Law § 241 (6) on the ground that it was not the owner of the property upon which the alleged accident occurred and denied as moot his cross motion for summary judgment on the issue of liability pursuant to Labor Law § 241 (6).

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the claim pursuant to Labor Law § 241 (6) and substituting therefor a provision denying that branch of the motion, and (2) deleting therefrom the words "as moot"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

We disagree with the Court of Claims's determination that the defendant was not an "owner" for the purpose of establishing liability under Labor Law § 241 (6). The defendant owned the property on behalf of the State University of New York at Purchase and was specifically referenced within the subject contract for which, inter alia, an indemnification provision was drafted in the defendant's favor (see Coleman v City of New York, 91 NY2d 821 [1997]; Gordon v Eastern Ry. Supply, 82 NY2d 555, 560 [1993]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]; Shoemaker v State of New York, 186 AD2d 1028 [1992]).

However, the claimant failed to establish his prima facie entitlement to judgment as a matter of law on his cross motion for summary judgment pursuant to Labor Law § 241 (6) (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Florio, J.P., Friedmann, Townes and Cozier, JJ., concur.