| |
|---|
| **Montero v Times Sq. Hotel Owner LLC** |
| 2024 NY Slip Op 34157(U) |
| November 25, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161080/2021 |
| Judge: Lynn R. Kotler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**   **HON. LYNN R. KOTLER**                        **PART**                           **08**

*Justice*

-------------------------------------------------------------------------X

NEVIL MONTERO,

                            Plaintiff,

                   - v -

TIMES SQUARE HOTEL OWNER LLC,TIMES SQUARE
HOTEL OPERATING LESSEE LLC,PAVARINI MCGOVERN
LLC,

                           Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161080/2021 |
| **MOTION DATE** | 01/09/2024, 02/13/2024 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 49, 50, 51, 52, 68

were read on this motion to/for      VACATE/STRIKE - NOTE OF ISSUE/JURY DEMAND/FROM TRIAL CALENDAR .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 69

were read on this motion to/for      JUDGMENT - SUMMARY .

Upon the foregoing documents, it is ORDERED that these motions are decided as follows.

In motion sequence 2, plaintiff moves for summary judgment on his Labor Law § 240[1] claim.

Defendants Times Square Hotel Owner LLC, Times Square Hotel Operating Lessee LLC and

Pavarini McGovern LLC oppose the motion. Issue has been joined and this motion was timely

brought after note of issue was filed. Meanwhile, defendants have moved in motion sequence 1

to vacate note of issue, or alternatively to compel plaintiff to comply with discovery demands,

and extend the time for defendants to move for summary judgment. The court will first consider

motion sequence 1.

161080/2021   MONTERO, NEVIL vs. TIMES SQUARE HOTEL OWNER LLC ET AL      Page 1 of 7
Motion No.  001 002

1 of 7

[* 1]

<u>Motion sequence 1</u>

Note of issue was filed December 15, 2023 and defendants filed motion sequence 1 on January 9, 2024. Thereafter, the motion was adjourned a number of times on consent and calendared for oral argument. Defendants seek all "pharmacies, tax preparers, non-privileged files from his immigration attorneys, and unemployment claims." After not receiving a response, defendants did not timely move to compel plaintiff's compliance. In any event, in response to this motion, plaintiff has provided authorizations for Walgreens Pharmacy, employment records, is searching for landscaping receipts and agrees to forward any that are available, and otherwise objects to demands for immigration attorney files or unemployment claims. The court sustains plaintiff's objections on these points and therefore denies the motion to vacate note of issue. The sole argument defense counsel advances is based upon a 2005 case from a court of coordinate jurisdiction, plaintiff's immigration status is relevant to his claim for lost earnings. The court disagrees that the non-privileged portions of an immigration attorney's file will contain material and relevant information on that point.

As for the balance of the motion, the court will not grant an extension of the time to move for summary judgment absent good cause shown for the extension, which defendants have failed to show on this record. Indeed, the discovery which defendants seek goes to damages, and defendants have not shown how that information, or lack thereof, prevented defendants from filing a motion for summary judgment. Accordingly, motion sequence 1 is denied in its entirety.

**161080/2021 MONTERO, NEVIL vs. TIMES SQUARE HOTEL OWNER LLC ET AL** Page 2 of 7
**Motion No. 001 002**

2 of 7

[* 2]

Motion sequence 2

The court now turns to plaintiff's motion for summary judgment. The relevant facts are as follows. Plaintiff was working at the premises owned by defendant Times Square Hotel Owner LLC (Owner) on November 24, 2021. Codefendant Pavarini McGovern LLC (Pavarini) was the general contractor for the subject construction project and plaintiff was employed by a nonparty subcontractor named Donaldson.

Specifically, plaintiff was walking on the 26th floor of the premises and the flooring consisted of a concrete slab with holes in it. In turn, those holes were covered by plywood that had been placed there by the concrete subcontractor.

As plaintiff was walking towards the front of the building, he stepped on an unmarked piece of plywood with his right foot. Plaintiff testified that the wood broke "downwards", causing plaintiff to fall through a hole and land on the concrete slab of the 25th floor.

Plaintiff argues that he has demonstrated a prima facie case of liability under Labor Law § 240[1]. Defendants argue that Times Square Hotel Operating Lessee LLC (Lessee) is not a proper labor law defendant, that there are triable issues of fact, that plaintiff's injuries were caused by the "ordinary and usual peril that a construction worker is commonly exposed to", that an adequate safety device was provided to plaintiff and that plaintiff was the sole proximate cause of his injuries.

161080/2021   MONTERO, NEVIL vs. TIMES SQUARE HOTEL OWNER LLC ET AL
Motion No.  001 002

Page 3 of 7

[* 3]

Applicable standard on a motion for summary judgment

On a motion for summary judgment, the proponent bears the initial burden of setting forth evidentiary facts to prove a prima facie case that would entitle it to judgment in its favor, without the need for a trial (CPLR 3212; *Winegrad v. NYU Medical Center*, 64 NY2d 851 [1985]; *Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]). If the proponent fails to make out its prima facie case for summary judgment, however, then its motion must be denied, regardless of the sufficiency of the opposing papers (*Alvarez v. Prospect Hospital*, 68 NY2d 320 [1986]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]).

Granting a motion for summary judgment is the functional equivalent of a trial, therefore it is a drastic remedy that should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v. Ceppos*, 46 NY2d 223 [1977]). The court's function on these motions is limited to "issue finding," not "issue determination" (*Sillman v. Twentieth Century Fox Film*, 3 NY2d 395 [1957]).

Section 240[1]

Labor Law § 240[1], which is known as the Scaffold Law, imposes absolute liability upon owners, contractors and their agents where a breach of the statutory duty proximately causes an injury (*Gordon v. Eastern Railway Supply, Inc.*, 82 NY2d 555 [1993]). The statute provides in pertinent part as follows:

> All contractors and owners and their agents, … in the erection, demolition, repairing, altering, painting, cleaning or pointing of a premises or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices

161080/2021   MONTERO, NEVIL vs. TIMES SQUARE HOTEL OWNER LLC ET AL          Page 4 of 7
Motion No.  001 002

[* 4]                                    4 of 7

which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Labor Law § 240 protects workers from "extraordinary elevation risks" and not "the usual and ordinary dangers of a construction site" (*Rodriguez v. Margaret Tietz Center for Nursing Care, Inc.*, 84 NY2d 841 [1994]). "Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240(1)" (*Narducci v. Manhasset Bay Associates*, 96 NY2d 259 [2001]).

Section 240[1] was designed to prevent accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person (*Runner v. New York Stock Exchange, Inc.*, 13 NY3d 5999 [2009] quoting *Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). The protective devices enumerated in Labor Law § 240 [1] must be used to prevent injuries from either "a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v. Consolidated Edison Co.*, 78 NY2d 509 [1991]).

Here, the court finds that plaintiff has demonstrated prima facie entitlement to partial summary judgment on the issue of liability on his Section 240[1] claim. There is no dispute that plaintiff was a protected worker and that Owner and Pavarini are proper Labor Law defendants. Further, it is undisputed that plaintiff was injured while engaged in covered work due to the effects of gravity and in the absence of adequate safety devices to protect plaintiff. The court rejects

161080/2021   MONTERO, NEVIL vs. TIMES SQUARE HOTEL OWNER LLC ET AL
Motion No.  001 002

Page 5 of 7

defendants' arguments that his fall through unsecured plywood onto the floor below amounts to an "ordinary and usual peril that a construction worker is commonly exposed to". Nor is the court convinced by defendants that plaintiff was the sole proximate cause of his injuries. Assuming *arguendo* that plaintiff had a general awareness of holes in the floor, the court agrees with plaintiff's counsel that this fact does not extinguish defendants' obligation to provide proper protections to its workers.

Finally, the court finds that defendants have established entitlement to summary judgment dismissing plaintiff's claims against Lessee, which plaintiff has not demonstrated is a proper Labor Law defendant. Accordingly, the court searches the record and dismisses plaintiff's Labor Law § 240[1] claim against Lessee.

**Conclusion**

Accordingly, it is hereby

**ORDERED** that motion sequence 1 is denied in its entirety; and it is further

**ORDERED** that plaintiff's motion sequence 2 is granted to the extent that plaintiff is entitled to partial summary judgment on liability on his Labor Law § 240[1] claim against defendants Times Square Hotel Owner LLC and Pavarini McGovern LLC; and it is further

161080/2021   MONTERO, NEVIL vs. TIMES SQUARE HOTEL OWNER LLC ET AL
Page 6 of 7
Motion No.  001 002

6 of 7

**ORDERED** that plaintiff's motion sequence 2 is denied as to defendant Times Square Hotel Operating Lessee LLC and the court searches the record and dismisses plaintiff's Labor Law § 240[1] claim against defendant Times Square Hotel Operating Lessee LLC.

Any requested relief not expressly addressed herein is nonetheless considered and hereby rejected and this constitutes the decision and order of the court.

| 11/25/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYNN R. KOTLER, J.S.C.** | |

| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**161080/2021  MONTERO, NEVIL vs. TIMES SQUARE HOTEL OWNER LLC ET AL**
**Motion No.  001 002**

Page 7 of 7