Silva v 770 Broadway Owner LLC (2025 NY Slip Op 00299)

Silva v 770 Broadway Owner LLC

2025 NY Slip Op 00299

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Index No. 155857/17, 595829/18, 595586/19 Appeal No. 3532 Case No. 2023-04723 

[*1]Carlito Silva, Plaintiff-Appellant,
v
770 Broadway Owner LLC et al., Defendants-Respondents.

770 Broadway Owner, LLC, Third-Party Plaintiff-Respondent,
v
Facebook, Inc., et al., Third-Party Defendants-Respondents.

Facebook, Inc., et al., Second Third-Party Plaintiffs-Respondents,
v
Consolidated Carpet Workroom, LLC, Second Third-Party Defendant- Respondent.

Consolidated Carpet Workroom, LLC, Third Third-Party Plaintiff-Respondent,
v
Stoney Road Industries, LLC, Third Third-Party Defendant- Respondent.

Brandon J. Broderick, LLC, New York (Jason A. Richman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Ellyn B. Wilder of counsel), for 770 Broadway Owner, LLC, respondent.
Barry McTiernan & Moore LLC, New York (Allison A. Snyder of counsel), for Facebook, Inc., and L & K Partners, Inc., respondents.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Peter Carlino of counsel), for Consolidated Carpet Workroom, LLC, respondent.
Conway Farrell Curtin & Kelly, New York (Ralph Cosentino of counsel), for Stoney Road Industries, LLC, respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered September 8, 2023, which, to the extent appealed from as limited by the briefs, granted the motions of defendants 770 Broadway Owner, LLC, Facebook, Inc., and L & K Partners, Inc. for summary judgment dismissing the Labor Law § 240(1) claim, denied plaintiff's cross-motion for partial summary judgment on that claim, and dismissed as academic third-party defendant Consolidated Carpet Workroom, LLC's motion for summary judgment and claim for contractual indemnification, unanimously reversed, on the law, without costs, defendants' motions denied and plaintiff's cross-motion granted, and the matter remanded for consideration of the motion of Consolidated Carpet Workroom, LLC.
On the day of the accident, plaintiff was marking off areas of the floor with duct tape in preparation for the floor to be painted. While plaintiff was working, he was struck on the back of the head by a ladder, causing him to lose consciousness. Plaintiff commenced this action against defendants alleging a violation of Labor Law § 240(1), among other things.
Defendants failed to establish prima facie entitlement to summary judgment dismissing the complaint. Plaintiff testified that the ladder, which had six rungs and was two to three meters tall (approximately six to ten feet), toppled and fell on his head as he was crouching down putting duct tape on the floor. Although plaintiff conceded that he did not see the ladder before the accident, his deposition testimony sufficiently identified the ladder as the cause of his injuries (see Torres-Quito v 1711 LLC, 227 AD3d 113, 117 [1st Dept 2024]). Defendants did not otherwise establish entitlement to dismissal of the Labor Law § 240(1) claim. The elevation differential involved here cannot be described as de minimis (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]; Diaz v HHC TS Reit LLC, 193 AD3d 640, 641 [1st Dept 2021]). The evidence also established that the ladder was not adequately secured for the purposes of the undertaking (see Diaz, 193 AD3d at 641).
On his cross-motion, plaintiff established prima facie entitlement to summary judgment through his deposition testimony that he was struck by a ladder that was not properly secured. Although inadmissible hearsay cannot be used to establish plaintiff's prima facie case, here, the admissible evidence was sufficient. In opposition, defendants failed to raise triable issues of fact. Moreover, it was foreseeable for a ladder resting against a wall to topple over and strike a nearby worker. Nor could a worker knocking over the ladder be considered an intervening superseding cause in this case (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 562 [1993]).
In view of the foregoing, we remand for consideration of third-party defendant Consolidated Carpet Workroom's motion related to the third-party claims (see Clemente v 205 W. 103 Owners Corp., 180 AD3d 516, 518 [1st Dept 2020]).
We have [*2]considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025