Cusumano v Super P57 LLC (2025 NY Slip Op 02153)

Cusumano v Super P57 LLC

2025 NY Slip Op 02153

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Kern, J.P., Gesmer, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 153248/18|Appeal No. 4114|Case No. 2024-03242|

[*1]Peter Cusumano, Respondent,
v
Super P57 LLC et al., Appellants.

Cullen and Dykman LLP, New York (Daniel Cerritos of counsel), for appellants.
Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for respondent.

Amended order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about May 10, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240(1) cause of action, and granted plaintiff's cross-motion for summary judgment on that cause of action, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) cause of action. Plaintiff's proof showed that, while he was in the process of repositioning a chain fall, he was struck by a double-I beam weighing more than 1,000 pounds that was not secured to the dolly on which it was resting (see Ali v Sloan-Kettering Inst. for Cancer Research, 176 AD3d 561, 561 [1st Dept 2019]; see also Taopanta v 1211 6th Ave. Prop. Owner, LLC, 212 AD3d 566, 567 [1st Dept 2023]). Contrary to defendants' argument, plaintiff repeatedly identified clamps as a readily available safety device that would have secured the double-I beam to the dolly (see Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340 [2011]).
In opposition, defendants failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of his accident. Even if plaintiff's accident occurred as he was attempting to move the double-I beam by himself, this would, at most, constitute comparative negligence, which is not a defense to a Labor Law § 240(1) cause of action (see Stolt v General Foods Corp., 81 NY2d 918, 920 [1993]; Powers v Del Zotto & Son Bldrs., 266 AD2d 668,670 [3d Dept 1999]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025